**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :    Jointly Administered
    Debtors.                                                     :
                                                                 :    Obj. Deadline: March 15, 2017 at 4:00 p.m. (ET)
                                                                 :    Hr'g Date: May 8, 2017 at 10:00 a.m. (ET)
---------------------------------------------------------------- x

**PLAN TRUSTEE'S MOTION FOR AN ORDER EXTENDING**
**(1) THE GENERAL CLAIMS OBJECTION DEADLINE AND**
**(2) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan")[2] in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby moves (the "Motion") this Court, pursuant to Article 10, Section B and Article 3, Section B(2)(ii) of the Plan; Paragraphs 32 and 46 of the Confirmation Order; section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order extending (i) the General Claims Objection Deadline and (ii) the Administrative Claims Objection Deadline (each as defined

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]  All terms used but not defined herein shall have the meaning ascribed to such terms under the Plan.

01:21626589.1

703200/002-6335297.1

below) through and including December 31, 2017.  In support of this Motion, the Plan Trustee respectfully represents as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief sought herein are § 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b)(1), and Local Rule 9006-2.

## BACKGROUND

**A.  General Background**

3. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Between the Petition and the Plan Effective Date (as hereinafter defined), each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On February 23, 2009, the Court entered an order confirming the Plan [D.I. 7042] (the "Confirmation Order").  The Plan became effective on November 30, 2010 (the "Plan Effective Date").

5. Pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust.  Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust.  The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order, and Plan Trust Agreement.

01:21626589.1

**B.     General and Administrative Claims Objection Deadline**

6.      Pursuant to Article 10, Section B of the Plan and Paragraph 32 of the Confirmation Order, the Plan Trustee was provided one year from the Plan Effective Date to file objections to Claims generally (the "General Claims Objection Deadline"). The Plan further provides that "the Plan Trustee may request (and the Bankruptcy Court may grant) extensions of such deadline, or of any Bankruptcy Court approved extensions thereof, by filing a motion with the Bankruptcy Court without any requirement to provide notice to any party, based upon a reasonable exercise of the Plan Trustee's business judgment." Plan, Art. 10B.

7.      Pursuant to Article 3, Section B(2)(ii) of the Plan and Paragraph 46 of the Confirmation Order, all objections to allowance of Administrative Claims (excluding Professional Claims) must be filed by any parties in interest no later than ninety (90) days after the Administrative Claims Bar Date (the "Administrative Claims Objection Deadline" and together with the General Claims Objection Deadline, the "Claims Objection Deadlines"). The Plan further provides that "the Administrative Claims Objection Deadline may be further extended by an Order of the Bankruptcy Court, which Order may be granted without notice to any creditors." Plan, Art. 3B(2)(ii).

8.      Pursuant to the terms of the Plan and various orders of the Court, the current Claims Objection Deadline is March 17, 2017[3] [D.I. 11240].

9.      To date, approximately 11,000 Claims have been filed in the Debtors' chapter 11 cases.

10.     Since his appointment, the Plan Trustee has overseen the liquidation and monetization of substantially all Plan Trust Assets, the payment or other resolution of

---

[3] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the filing of this Motion automatically extends the Claims Objection Deadline until the Court acts on the Motion.

01:21626589.1

substantially all S/A/P Claims payable under the Plan, and the litigation or other resolution of substantially all general unsecured claims payable under the Plan.

**C.      Interim GUC Distributions**

11.     The Plan authorizes the Plan Trustee to make interim distributions on account of Allowed General Unsecured Claims, subject to Plan Oversight Committee approval, provided that the Plan Trust retains (i) sufficient reserves for Plan Trust Operating Expenses, Disputed S/A/P Claims and Unsecured Claims, and (iii) "amounts reasonably necessary to meet contingent liabilities, to maintain the value of the Plan Trust Assets during liquidation, and to satisfy other liabilities or expenses incurred by the Plan Trust in accordance with [the] Plan or the Plan Trust Agreement."  Plan, Art. 9(A)(2)

12.     On December 12, 2014, the Court entered its *Order Pursuant to § § 105 and 1142 of the Bankruptcy Code (I) Authorizing First Distribution to Holders of Allowed General Unsecured Claims and (II) Granting Related Relief, Including Clarification of the Plan and Enforcement of Certain Plan Provisions and Court Orders* [D.I. 11050] (the "Initial Distribution Order"), in accordance with which the Plan Trustee distributed, subject to appropriate reserves, approximately $22 million (the "Initial Interim Distribution") to Holders of Allowed General Unsecured Claims beginning in May 2015.

13.     On November 4, 2016, the Court entered its *Order Pursuant to § § 105 and 1142 of the Bankruptcy Code (I) Authorizing Second Distribution to Holders of Allowed General Unsecured Claims and (II) Granting Related Relief, Including Clarification of the Plan and Enforcement of Certain Plan Provisions and Court Orders* [D.I. 11261] (the "Second Distribution Order"), in accordance with which the Plan Trustee anticipates that it will distribute, subject to appropriate reserves as determined by the Plan Trustee in consultation with the Plan Oversight Committee, in excess of $10 million (the "Second Interim Distribution") to Holders of

Allowed General Unsecured Claims. Preparation for the Second Interim Distribution is currently underway and the Plan Trustee anticipates that such distribution will complete in the second quarter of 2017.

## RELIEF REQUESTED

14. While the claims reconciliation process is substantially complete, and the Plan Trustee is preparing to make the Second GUC Distribution, the administration and wind-down of the Plan Trust has not yet concluded. Thus, out of an abundance of caution, and to avoid any improper distribution of Plan Trust proceeds, the Plan Trustee seeks entry of an order extending (i) the General Claims Objection Deadline and (ii) the Administrative Claims Objection Deadline through and including December 31, 2017. The Plan Trustee further requests that the extension proposed herein be without prejudice to its right to seek further extensions of the Claims Objection Deadlines.

## BASIS FOR RELIEF REQUESTED

15. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

16. Bankruptcy Rule 9006 provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

17.    The Plan Trustee may seek to extend the General Claims Objection Deadline and/or the Administrative Claims Objection Deadline upon motion to the Court without notice. *See* Plan Art. 10, § B; Plan Art. 3, § B(2)(ii).

18.    Cause exists to extend the Claims Objection Deadlines through and including December 31, 2017.  Since the Plan Effective Date, the Plan Trustee and its professionals have worked diligently in: (i) reviewing and analyzing the Claims that have been filed; (ii) performing the required due diligence to determine the objectionable Claims; (iii) negotiating resolutions to certain Claims that best maximize the Plan Trust beneficiaries' recoveries and (iv) seeking authorization of, and preparing for, Interim GUC Distributions.  As set forth above, the Plan Trustee believes that the claims reconciliation process is substantially complete and does not anticipate prosecuting any additional Claims objections at this time.  However, the Second Interim Distribution has not been completed nor have all of the Plan Trust Assets been monetized.  As a result, the Plan Trustee anticipates further (albeit, limited) wind-down of the Plan Trust over the next several months.  As such, and out of an abundance of caution, the Plan Trustee believes it prudent to extend the Claims Objection Deadlines through December 31, 2017 to coincide with the anticipated closing of these chapter 11 cases.  Such extension would (i) ensure that no improper distributions of Plan Trust proceeds are made and (ii) gives the Plan Trustee the ability to address any unexpected issues that might arise with any pending or filed Claims, or as a result of any distributions made pursuant to the Second Distribution Order or otherwise.

19.    Accordingly, extending the Claims Objection Deadlines is necessary and in the best interest of the Plan Trustee, the Debtors, and their estates and creditors.  By extending the Claims Objection Deadlines, the Plan Trustee simply seeks to ensure that all Claims filed in

01:21626589.1

the Debtors' chapter 11 cases are reconciled completely and accurately in accordance with the Debtors' books and records and applicable law.  As such, this extension request is a reasonable exercise of the Plan Trustee's business judgment.  The Plan Trustee will continue to work diligently to monetize any remaining Plan Trust Assets, complete the Second Interim Distribution, and conclude the wind-down of the Plan Trust over the next several months.  The Plan Trustee submits that the extension request in this Motion is not sought for purposes of delay and is in the best interests of all parties in interest.  Extending the Claims Objection Deadlines will not prejudice any of the Plan Trust's creditors and will preserve the rights of the Plan Trustee to object to Claims, including Administrative Claims, so as to maximize recovery to appropriate creditors, should the need arise.

## RESERVATION OF RIGHTS

20. The Plan Trustee reserves its right to seek further extensions of the Claims Objection Deadlines.

## NOTICE

21. In accordance with Article 3, Section B(2)(ii) and Article 10, Section B of the Plan, the Plan Trustee is not required to provide notice of this Motion to any creditors. Notice of the Motion has been provided to (i) the United States Trustee for the District of Delaware, (ii) the Plan Oversight Committee, and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein and the terms of the Plan, the Plan Trustee submits that no other or further notice is necessary.

*[The remainder of this page has been left intentionally blank]*

**CONCLUSION**

WHEREFORE, the Plan Trustee respectfully requests entry of an order: (i) extending (A) the General Claim Claims Objection Deadline and (B) the Administrative Claims Objection Deadline through and including December 31, 2017, without prejudice to the Plan Trustee's right to seek additional extensions of time; and (ii) granting the Plan Trustee such other and further relief as this Court deems just and proper.

Dated: March 1, 2017
Wilmington, Delaware

**YOUNG, CONAWAY, STARGATT & TAYLOR, LLP**

__/s/ Sean M. Beach_____
Sean M. Beach (No. 4070)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

01:21626589.1