IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                        :
                                                                       :   Jointly Administered
                                    Debtors.                           :
                                                                       :
---------------------------------------------------------------------- x

### CERTIFICATION OF COUNSEL WITH RESPECT TO PROPOSED CONSENT ORDER FOR RELIEF FROM STAY AND PLAN INJUNCTION TO ALLOW QUIET TITLE PROCEEDING TO PROCEED IN STATE COURT

The undersigned, counsel for Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage (collectively, "Wells Fargo"), hereby certifies as follows:

1.  On August 8, 2007 each of the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court.

2.  On October 30, 2007 the Court entered an order [Docket No. 1711] (the "Servicing Sale Order") approving the sale of certain of the Debtors' mortgage servicing assets to AH Mortgage Acquisition Co., Inc. AH Mortgage Acquisition Co., Inc. is the successor-in-interest of AHM SV with respect to the assets sold by the Debtors pursuant to the Servicing Sale Order.

3.  On February 23, 2009 the Court entered its order [Docket No. 7042] (the "Confirmation Order") confirming the Amended Chapter 11 Plan of Liquidation of the Debtors dated February 18, 2009 [Docket No. 7029] (the "Plan"). Pursuant to confirmation of the Plan,

Steven D. Sass (the "Plan Trustee") was appointed as trustee of the Plan Trust with responsibility, inter alia, for the liquidation of all Plan Trust Assets.[1]

4. Pursuant to confirmation of the Plan and entry of the Confirmation Order, the Court enjoined certain actions by certain Persons as described in the Plan and the Confirmation Order (the "Plan Injunction"). In addition, Paragraph 7 of the Confirmation Order provides for the continuation of the automatic stay of section 362 of the Bankruptcy Code until the earlier of entry of a final decree or dissolution of the Plan Trust.

5. Wells Fargo is the current holder, and Wells Fargo Home Mortgage is the current servicer, of a purchase money mortgage loan in the amount of $124,267.00 and related deed of trust dated March 2, 2012 (the "Wells Fargo Deed of Trust") with respect to the real property located at 5501 Whitby Road, Baltimore, MD 21206 (the "Property"). The Wells Fargo Deed of Trust is recorded in the Baltimore City Land Records Office at Liber 14141 Folio 165.

6. On May 24, 1985 a deed of trust in the amount of $25,000 had been executed by the then owner of the Property in favor of Thomas Ireton, as trustee for Paine Webber Mortgage Finance, Inc. (the "Paine Webber Deed of Trust"). The Paine Webber Deed of Trust was recorded in the Baltimore City Land Records Office on June 12, 1985 at Liber 548 Folio 193.

7. Subsequent to the Wells Fargo Deed of Trust it became known to Wells Fargo that the Paine Webber Deed of Trust had not been marked as satisfied in the Baltimore City Land Records Office.

8. Based on information obtained from the Maryland Department of Assessment and Taxation indicating that AHM SV is successor in interest to the Paine Webber Deed of Trust, Wells Fargo on or about July 30, 2015 commenced an action in the Circuit Court for Baltimore City (the "Baltimore Court") at 24-C-15-004030 against the owner of the Property and against

---

[1] Capitalized terms not defined herein have the meanings given to them in the Plan.

AHM SV seeking a declaratory judgment and to quiet title with respect to the Property (the "Baltimore Quiet Title Action").

9. On November 10, 2015 AHM SV filed a "Suggestion of Bankruptcy" pleading in the Baltimore Quiet Title Action, stating that pursuant to section 362(a) of the Bankruptcy Code the Baltimore Quiet Title Action was stayed as to the Debtors and as to AHM SV.

10. On February 13, 2017 the Baltimore Quiet Title Action was dismissed, without prejudice, by the Baltimore Court pursuant to Maryland rule 2-507(c), which relates to dismissals of action for inactivity, due to the stay and injunctions in connection with the captioned bankruptcy proceedings.

11. Wells Fargo, AHM SV and the Plan Trustee (collectively, the "Parties") have engaged in discussions and negotiations with respect to this matter. The Plan Trustee and AHM SV have advised undersigned counsel that after diligent search neither have any record of an active loan or an active lien on the Property or that they otherwise retain any interest in the Paine Webber Deed of Trust.

12. Pursuant to such discussions and negotiations the Parties are in agreement on the form of a Consent Order, which is attached to this Certification as Exhibit A, which if entered by the Court will grant relief from the automatic stay and the Plan Injunction to allow the commencement of an action by Wells Fargo seeking relief consistent with that sought in the Baltimore Quiet Title Action (the "Contemplated Quiet Title Action").

13. Neither the Plan Trustee nor AHM SV have any objection to the commencement of the Contemplated Quiet Title Action provided that Wells Fargo agrees not to seek any costs, fees or claims against the Debtors, Plan Trust or Plan Trustee, and that Wells Fargo will proceed solely on the request for declaratory relief consistent with that which was set forth in the Baltimore Quiet Title Action.

14. Accordingly, the undersigned, counsel for AHM SV and counsel for the Plan Trust have conferred and agreed upon on a form of consent order which is attached hereto as <u>Exhibit A</u>[2].

WHEREFORE, Wells Fargo respectfully requests that the Court enter the Consent Order attached hereto as <u>Exhibit A</u> at its earliest convenience, without further notice or hearing. The undersigned is available to answer any questions the Court may have.

Dated: June 16, 2017

              STEVENS & LEE, P.C.

                *John D. Demmy*
              John D. Demmy (DE Bar No. 2802)
              Jason Angelo (DE Bar No. 6009)
              919 North Market Street, Suite 1300
              Wilmington, DE 19801
              Telephone: (302) 425-3308; 3311
              Email: jdd@stevenslee.com
                 jda@stevenslee.com

              *Attorneys for Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage*

---

[2] Paragraph 51(ii) of the Confirmation Order (the "Nominal Defendant Provision") modifies the automatic stay prospectively, to the extent necessary, to permit "the borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence or continue an action or cross-claim against such Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party . . . ." Although the Baltimore Quiet Title Action was commenced and the Contemplated Quiet Title Action would be commenced by Wells Fargo, which is not a borrower under a loan from the Debtors, Wells Fargo believes that the relief contemplated by the proposed Consent Order attached as <u>Exhibit A</u> hereto is consistent with the spirit of the Nominal Defendant Provision.