# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Re: D.I.** _____ |

**CONSENT ORDER GRANTING PREMSAGAR MULKANOOR RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION IN CONNECTION WITH THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED FEBRUARY 18, 2009**

Upon consideration of the certification submitted by counsel for Premsagar Mulkanoor ("Mulkanoor"); and after due deliberation, and cause appearing therefor; it is hereby

ORDERED, that any injunction (the "Plan Injunction") and any stay pursuant to 11 U.S.C. § 362(a) or otherwise resulting from confirmation of the Amended Chapter 11 Plan of Liquidation of the Debtors dated February 18, 2009 [Docket No. 7029] (the "Plan") and/or by the order confirming the Plan [Docket No. 7042] (the "Confirmation Order"), is hereby dissolved and/or terminated, with respect to the commencement by Mulkanoor of an action in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division on June 27, 2017 and captioned as *Premsagar Mulkanoor v. American Home Mortgage Holdings, Inc. d/b/a HLB Mortgage and Ocwen Loan Services, LLC*, Case No. 17-A-00349 (the "Adversary Proceeding"), which Adversary Proceeding had sought a determination of the extent and validity of the *American Home Mortgage Holdings, Inc. d/b/a HLB Mortgage* ("AHMC") lien against the real property commonly known as 21405 Saddle Lane, Mokena, Illinois 60448 (the "Property"); and it

is further

ORDERED, that no stay or injunction as a result of the commencement of the bankruptcy case or pursuant to confirmation of the Plan shall prevent the full litigation thereafter of the Adversary Proceeding seeking relief consistent with that sought in the Adversary Complaint; and it is further

ORDERED, that upon entry of this Consent Order, Mulkanoor may proceed to fully litigate the Adversary Proceeding to final judgment and through any and all appeals; and it is further

ORDERED, that each of the parties to the Adversary Proceeding shall be solely responsible for all costs and expenses incurred by it in connection with the Adversary Proceeding; and it is further

ORDERED, that if any suit or action is filed to enforce the terms of this Consent Order the prevailing party shall be entitled to recover reasonable attorneys' fees as fixed by the trial court and, if any appeal is taken from the decision of the trial court, reasonable attorneys' fees as fixed by the appellate court; and it is further

ORDERED that the Plan Trust's rights regarding any violation of the automatic stay or Plan Injunction are expressly preserved; and it is further

ORDERED that, for the avoidance of doubt, nothing in this Consent Order is intended; nor shall it be construed, to authorize Mulkanoor to seek, obtain, or enforce any award of damages or other monetary relief, or to liquidate or collect upon any claim, against any of the above-captioned Debtors, the Plan Trust and/or the Plan Trustee; and it is further

ORDERED that this Consent Order shall become effective immediately upon

{12250-001 ORD A0483467.DOCX}

2

entry by this Court; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Consent Order.

Dated: September \_\_\_\_, 2017

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge