IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x
In re:                                          :        Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :        Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                 :
                                                :        Jointly Administered
                        Debtors.                :
                                                :
------------------------------------------------------------------ x
```

**CERTIFICATION OF COUNSEL IN SUPPORT OF PROPOSED CONSENT ORDER
FOR RELIEF FROM STAY AND PLAN INJUNCTION TO COMMENCE AND
PROSECUTE QUIET TITLE PROCEEDING IN STATE COURT**

The undersigned counsel for Stella S. Pilecki ("Mrs. Pilecki") hereby certifies as follows in support of this Court's approval of a proposed consent order for relief to commence and prosecute a quiet title action in state court:

1.    On August 6, 2007, each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") as above captioned.

2.    On October 30, 2007, this Court entered an order [Docket No. 1711] (the "Sale Order") approving the sale of certain of the Debtors' mortgage servicing assets to AH Mortgage Acquisition Co., Inc.  Accordingly, AH Mortgage Acquisition Co., Inc. is the successor-in-interest of AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV") with respect to the assets sold by the Debtors pursuant to the Sale Order.

3.    On February 23, 2009, this Court entered its order [Docket No. 7042] (the "Confirmation Order") confirming the Amended Chapter 11 Plan of Liquidation of the Debtors dated February 18, 2009 [Docket No. 7029] (the "Plan").

4.      Pursuant to the Plan, Steven D. Sass (the "Plan Trustee") was appointed as a trustee of a Plan Trust with responsibility for the liquidation of all Plan Trust Assets.[1]

5.      Pursuant to the Plan as well as the Confirmation Order, the Court enjoined certain actions by certain Persons as described in the Plan and the Confirmation Order (the "Plan Injunction").  In addition, Paragraph 7 of the Confirmation Order provides for the continuation of the automatic stay of section 362 of the Bankruptcy Code until the earlier of entry of a final decree or dissolution of the Plan Trust, neither of which has occurred.

6.      Since February 19, 1992, Mrs. Pilecki and her late husband, Paul Pilecki (collectively, the "Pileckis"), have been the owner, as tenants by the entirety, of certain real property and improvements located at 41 Kearney Drive, Upper Gwynedd Township, Montgomery County, Pennsylvania, Parcel No. 56-00-04493-20-3 (the "Property").

7.      By virtue of a certain Mortgage dated February 19, 1992 and recorded in the Montgomery County Recorder of Deeds in Mortgage Book 6835, Page 50, the Pileckis granted a mortgage lien on the Property to PaineWebber Mortgage Finance, Inc. ("PaineWebber"), which secured the original principal amount of $58,550 (the "Mortgage").

8.      Shortly thereafter, the Pileckis paid off the Mortgage and, accordingly, were under the impression that PaineWebber satisfied the Mortgage, as it was required to do under applicable Pennsylvania law.

9.      Mr. Pilecki passed away on July 12, 2012, thereby vesting title in the Property in Mrs. Pilecki as a matter of law.

10.      Recently, Mrs. Pilecki entered into an agreement of sale to sell the Property and learned that the Mortgage had not been satisfied despite the fact that it was paid in full decades ago.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

11.     Through diligence, Mrs. Pilecki further learned that through a number of name changes PaineWebber was now AHM SV, Inc., one of the above captioned Debtors.

12.     Mrs. Pilecki has prepared a complaint in the Court of Common Pleas of Montgomery County to quiet title to the Property to effectively have the Mortgage declared satisfied, but has not filed same based upon her understanding of an ongoing stay and/or injunction pursuant to the Plan and Confirmation Order.

13.     Mrs. Pilecki, through her counsel, and the Plan Trustee (collectively, the "Parties") have engaged in discussions and negotiations with respect to this matter. The Plan Trustee and AHM SV have advised counsel that after diligent search neither has (a) any record of an active loan secured by the Mortgage, (b) any record of an active lien on the Property by virtue of the Mortgage or otherwise, or (c) any interest in the Mortgage.  The loan secured by the Mortgage and the Mortgage itself were not part of the assets sold to AH Mortgage Acquisition Co., Inc. pursuant to the Sale Order or otherwise.

14.     Pursuant to such discussions and negotiations the Parties are in agreement on the form of a Consent Order, which is attached to this Certification as Exhibit A, which, if entered by this Court, will grant relief from the automatic stay and the Plan Injunction to allow the commencement of an action by Mrs. Pilecki, which action will be limited to relief to declare the Mortgage satisfied (the "Contemplated Quiet Title Action").

15.     The Plan Trustee does not have any objection to the commencement of the Contemplated Quiet Title Action provided that Mrs. Pilecki agrees not to seek any costs, fees or claims against the Debtors, Plan Trust or Plan Trustee, and that Mrs. Pilecki will proceed solely on a request for declaratory relief consistent with the foregoing description of the Contemplated Quiet Title Action.

16.      Accordingly, counsel for the Plan Trustee has consented to the entry of an order in the form attached hereto as Exhibit A (the "Consent Order").

WHEREFORE, Stella S. Pilecki respectfully requests that the Court enter the proposed Consent Order at its earliest convenience, without further notice or hearing.  The undersigned is available to answer any questions the Court may have.

Dated:  September 18, 2017                     SMITH KANE HOLMAN, LLC


                                              *Richard J. Squadron*
                                              Richard J. Squadron, Esquire
                                              112 Moores Road, STE 300
                                              Malvern, PA 19355
                                              Telephone: (610) 407-7215
                                              Email: squadpri@comcast.net
                                              *Attorneys for Stella S. Pilecki*

# Exhibit A

# Proposed Consent Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re:                                                          :        Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,    :        Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                             :
                                                                :        Jointly Administered
                          Debtors.                     :
                                                                :
------------------------------------------------------------------- x

## CONSENT ORDER GRANTING STELLA S. PILECKI RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION IN CONNECTION WITH THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED FEBRUARY 18, 2009

Upon consideration of the certification submitted by counsel for Stella S. Pilecki

("Pilecki"); and after due deliberation, and cause appearing therefor; it is hereby

ORDERED, that any injunction (the "Plan Injunction") and any stay pursuant to 11

U.S.C. § 362(a) or otherwise resulting from confirmation of the Amended Chapter 11 Plan of

Liquidation of the Debtors dated February 18, 2009 [Docket No. 7029] (the "Plan") and/or by

the order confirming the Plan [Docket No. 7042] (the "Confirmation Order"), is hereby dissolved

and/or terminated, with respect to the commencement and prosecution by Pilecki of an action in

the Court of Common Pleas of Montgomery County, Pennsylvania (the "Contemplated Quiet

Title Action") seeking a judgment to satisfy the Mortgage dated February 19, 1992 and recorded

in the Montgomery County Recorder of Deeds in Mortgage Book 6835, Page 50 *et. seq.* by Paul

and Stella Pilecki in favor of PaineWebber Mortgage Finance, Inc. ("PaineWebber") in the

original principal amount of $58,550 (the "Mortgage") with respect to the real property and

improvements located at 41 Kearney Drive, Upper Gwynedd Township, Montgomery County,

Pennsylvania, Parcel No. 56-00-04493-20-3 (the "Property"); and it is further

ORDERED, that no stay or injunction as a result of the commencement of the captioned bankruptcy cases or pursuant to the Plan or the Confirmation Order shall prevent the commencement and full litigation thereafter of the Contemplated Quiet Title Action; and it is further

ORDERED, that upon entry of this Consent Order, Pilecki may commence and fully litigate the Contemplated Quiet Title Action to final judgment and through any and all appeals; and it is further

ORDERED, that each of the parties to the Contemplated Quiet Title Action shall be solely responsible for all costs and expenses incurred by such party in connection with the Contemplated Quiet Title Action; and it is further

ORDERED, that if any suit or action is filed to enforce the terms of this Consent Order the prevailing party shall be entitled to recover reasonable attorneys' fees as fixed by the trial court and, if any appeal is taken from the decision of the trial court, reasonable attorneys' fees as fixed by the appellate court; and it is further

ORDERED, that the Plan Trust's rights regarding any violation of the automatic stay or Plan Injunction are expressly preserved to the extent that Pilecki acts in any way inconsistent with this Consent Order; and it is further

ORDERED, that, for the avoidance of doubt, nothing in this Consent Order is intended, nor shall it be construed, to authorize Pilecki to seek, obtain, or enforce any award of damages or other monetary relief, or to liquidate or collect upon any claim, against any of the above-captioned Debtors, the Plan Trust and/or the Plan Trustee; and it is further

ORDERED that, prior to filing the complaint commencing the Contemplated Quiet Title Action, Pilecki will send a draft copy of such complaint (via email) to counsel for the Plan

Trustee for review to confirm that the relief requested in such complaint is consistent with the relief permitted to be pursued; and it is further

ORDERED, that this Consent Order shall become effective immediately upon entry by this Court; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Consent Order.

Dated:  September __, 2017

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE