## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, *et al.*,[2] | : | Jointly Administered |
| | : | |
| Debtors. | : | **Obj. Deadline: October 4, 2017 by 4:00 p.m (ET)** |
| | : | **Hr'g. Date: October 18, 2017 at 12:15 p.m. (ET)** |
| | : | |

------------------------------------------------------------------------- x

## MOTION FOR AN ORDER EXTENDING
## (1) THE GENERAL CLAIMS OBJECTION DEADLINE AND
## (2) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established

pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February

18, 2009 (the "Plan")[3] in connection with the chapter 11 cases of the above-captioned debtors

(the "Debtors"), hereby moves this Court (the "Motion"), for the entry of an order,

substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), pursuant to

Article 10, Section B and Article 3, Section B(2)(ii) of the Plan, paragraphs 32 and 46 of the

Confirmation Order (defined below), Section 105(a) of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 9006-2 of the *Local Rules of Bankruptcy Practice and Procedure of*

*the United States Bankruptcy Court for the District of Delaware* (the "Local Rules"), extending (i)

the General Claims Objection Deadline and (ii) the Administrative Claims Objection

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

[3] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms under the Plan.

01:22358453.1

Deadline (each as defined below) through and including November 30, 2018.  In support of the Motion, the Plan Trustee respectfully represents and states as follows:

**JURISDICTION AND STATUTORY AUTHORITY**

1.	The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.	The statutory bases for the relief sought herein are § 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.

**BACKGROUND**

**A.	General Background**

3.	On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Between the Petition and the Plan Effective Date (as hereinafter defined), each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.	On February 23, 2009, the Court entered an order confirming the Plan [D.I. 7042] (the "Confirmation Order").  The Plan became effective on November 30, 2010 (the "Plan Effective Date").

5.	Pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust.  Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust.  The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement.

01:22358453.1

**B.      General and Administrative Claims Objection Deadline**

6.        Pursuant to Article 10, Section B of the Plan and Paragraph 32 of the Confirmation Order, the Plan Trustee was provided one year from the Plan Effective Date to file objections to Claims generally (the "General Claims Objection Deadline").  The Plan further provides that "the Plan Trustee may request (and the Bankruptcy Court may grant) extensions of such deadline, or of any Bankruptcy Court approved extensions thereof, by filing a motion with the Bankruptcy Court without any requirement to provide notice to any party, based upon a reasonable exercise of the Plan Trustee's business judgment." Plan, Art. 10B.

7.        Pursuant to Article 3, Section B(2)(ii) of the Plan and Paragraph 46 of the Confirmation Order, all objections to allowance of Administrative Claims (excluding Professional Claims) must be filed by any parties in interest no later than ninety (90) days after the Administrative Claims Bar Date (the "Administrative Claims Objection Deadline" and together with the General Claims Objection Deadline, the "Claims Objection Deadlines").  The Plan further provides that "the Administrative Claims Objection Deadline may be further extended by an Order of the Bankruptcy Court, which Order may be granted without notice to any creditors." Plan, Art. 3B(2)(ii).

8.        Pursuant to the terms of the Plan and various orders of the Court, the current Claims Objection Deadline is December 31, 2017[4] [D.I. 11335].

9.        To date, approximately 11,000 Claims have been filed in the Debtors' chapter 11 cases.

---

[4]  Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the Claims Objection Deadlines until the Court acts on the Motion.

01:22358453.1

10.     Since his appointment, the Plan Trustee has overseen the liquidation and monetization of substantially all Plan Trust Assets, the payment or other resolution of substantially all S/A/P Claims payable under the Plan, and the litigation or other resolution of substantially all general unsecured claims payable under the Plan.

## C.     Interim GUC Distributions

11.     The Plan authorizes the Plan Trustee to make interim distributions on account of Allowed General Unsecured Claims, subject to Plan Oversight Committee approval, provided that the Plan Trust retains (i) sufficient reserves for Plan Trust Operating Expenses, Disputed S/A/P Claims and Unsecured Claims, and (ii) "amounts reasonably necessary to meet contingent liabilities, to maintain the value of the Plan Trust Assets during liquidation, and to satisfy other liabilities or expenses incurred by the Plan Trust in accordance with [the] Plan or the Plan Trust Agreement."  Plan, Art. 9(A)(2)

12.     On December 12, 2014, the Court entered its *Order Pursuant to §§ 105 and 1142 of the Bankruptcy Code (I) Authorizing First Distribution to Holders of Allowed General Unsecured Claims and (II) Granting Related Relief, Including Clarification of the Plan and Enforcement of Certain Plan Provisions and Court Orders* [D.I. 11050] (the "Initial Distribution Order"), in accordance with which the Plan Trustee distributed, subject to appropriate reserves, approximately $22 million (the "Initial Interim Distribution") to Holders of Allowed General Unsecured Claims beginning in May 2015.

13.     On November 4, 2016, the Court entered its *Order Pursuant to §§ 105 and 1142 of the Bankruptcy Code (I) Authorizing Second Distribution to Holders of Allowed General Unsecured Claims and (II) Granting Related Relief, Including Clarification of the Plan and Enforcement of Certain Plan Provisions and Court Orders* [D.I. 11261/D.I. 11295] (as amended, the "Second Distribution Order"), in accordance with which the Plan Trustee distributed, subject to

appropriate reserves, in excess of $10 million (the "Second Interim Distribution") to Holders

of Allowed General Unsecured Claims in or about April 2017.

## RELIEF REQUESTED

14.      While the claims reconciliation process is substantially complete, the

administration and wind-down of the Plan Trust has not yet concluded.  Thus, out of an

abundance of caution, and to avoid any improper distribution of Plan Trust proceeds, the Plan

Trustee seeks entry of an order extending (i) the General Claims Objection Deadline and (ii)

the Administrative Claims Objection Deadline through and including November 30, 2018.[5]

The Plan Trustee further requests that the extension proposed herein be without prejudice to

its right to seek further extensions of the Claims Objection Deadlines.

## BASIS FOR RELIEF REQUESTED

15.      Section 105(a) of the Bankruptcy Code provides that "the court may issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of this

title." 11 U.S.C. § 105(a).  Furthermore, the Court is not precluded from "taking any action

or making any determination necessary or appropriate to enforce or implement court orders

or rules, or to prevent an abuse of process." *Id.*

16.      Bankruptcy Rule 9006 provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its
> discretion (1) with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of
> the period originally prescribed or as extended by a previous
> order . . . .

Fed. R. Bankr. P. 9006(b)(1).

---

[5] Contemporaneous herewith, the Plan Trustee has filed a motion seeking to extend the Plan Trust termination
date also to November 30, 2018.

01:22358453.1

17.     The Plan Trustee may seek to extend the General Claims Objection Deadline and/or the Administrative Claims Objection Deadline upon motion to the Court without notice. *See* Plan Art. 10, § B; Plan Art. 3, § B(2)(ii).

18.     Cause exists to extend the Claims Objection Deadlines through and including November 30, 2018. Since the Plan Effective Date, the Plan Trustee, and his staff and professionals have worked diligently in: (i) reviewing and analyzing the Claims that have been filed; (ii) performing the required due diligence to determine the objectionable Claims; (iii) negotiating resolutions to certain Claims that best maximize the Plan Trust beneficiaries' recoveries, (iv) seeking authorization of, and preparing for, Interim GUC Distributions, and (v) complying with subpoenas and informal requests for information related to the Debtors' origination or servicing of loans. As set forth above, the Plan Trustee believes that the claims reconciliation process is substantially complete and does not anticipate prosecuting any additional Claims objections at this time. However, all of the Plan Trust Assets have not been monetized and the Plan Trustee anticipates a third and final distribution to holders of allowed general unsecured claims. As a result, the Plan Trustee anticipates further (albeit, limited) wind-down of the Plan Trust over the next several months. As such, and out of an abundance of caution, the Plan Trustee believes it prudent to extend the Claims Objection Deadlines through November 30, 2018 to coincide with the anticipated closing of these chapter 11 cases. Such extension would (i) help to ensure that no improper distributions of Plan Trust proceeds are made, and (ii) give the Plan Trustee the ability and time to address any unexpected issues that might arise with any pending or filed Claims or as a result of any future distributions.

19.     Accordingly, extending the Claims Objection Deadlines is necessary and in the best interest of the Plan Trust and its beneficiaries. By extending the Claims Objection

Deadlines, the Plan Trustee simply seeks to ensure that all Claims filed in the Debtors'

chapter 11 cases are reconciled completely and accurately in accordance with the Debtors'

books and records and applicable law.  As such, this extension request is a reasonable

exercise of the Plan Trustee's business judgment.  The Plan Trustee will continue to work

diligently to monetize any remaining Plan Trust Assets, complete distributions and conclude

the wind-down of the Plan Trust over the next several months.  The Plan Trustee submits that

the extension requested in this Motion is not sought for purposes of delay and is in the best

interests of all parties in interest.  Extending the Claims Objection Deadlines will not

prejudice any of the Plan Trust's beneficiaries and will preserve the rights of the Plan Trustee

to object to Claims, including Administrative Claims, should the need arise, so as to

maximize recovery to appropriate creditors.

## RESERVATION OF RIGHTS

20.	The Plan Trustee reserves his right to seek further extensions of the Claims

Objection Deadlines.

## NOTICE

21.	In accordance with Article 3, Section B(2)(ii) and Article 10, Section B of the

Plan, the Plan Trustee is not required to provide notice of this Motion to any creditors.

Notice of the Motion has been provided to (i) the United States Trustee for the District of

Delaware, (ii) the Plan Oversight Committee, and (iii) those parties requesting notice

pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein and

the terms of the Plan, the Plan Trustee submits that no other or further notice is necessary.

01:22358453.1

## CONCLUSION

WHEREFORE, the Plan Trustee respectfully requests entry of an order: (i) extending (A) the General Claims Objection Deadline and (B) the Administrative Claims Objection Deadline through and including November 30, 2018, without prejudice to the Plan Trustee's right to seek additional extensions of time, and (ii) granting the Plan Trustee such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
      September 20, 2017

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

By:    */s/ Sean M. Beach*
        Sean M. Beach (No. 4070)
        Rodney Square
        1000 North King Street
        Wilmington, Delaware  19801
        Telephone:    (302) 571-6600
        Facsimile:    (302) 571-1253

        - and -

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Jeffrey Zawadzki
        Alison M. Ladd
        488 Madison Avenue
        New York, New York 10022
        Telephone:    (212) 478-7200
        Facsimile:    (212) 478-7400

        *Counsel to the Plan Trustee*

01:22358453.1