UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: \* | |
| AMERICAN HOME MORTGAGE | CASE No: 07-11047-CSS |
| HOLDINGS, INC., *et al.* \* | Chapter 11 |
| Debtor(s), | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR RELIEF FROM AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY CODE
WITH RESPECT TO REAL PROPERTY LOCATED AT
<u>2 TRINITY AVE, WORCESTER, MA 01605</u>**

COMES NOW, MTGLQ Investors, L.P. (hereinafter "Movant"), by its undersigned counsel, and respectfully moves this Honorable Court to terminate the Automatic Stay to allow Movant to exercise its rights against the real property located at 2 Trinity Ave, Worcester, MA 01605, Worcester (the "Property") and, as grounds therefore, states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. (hereinafter "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

3. On or about October 25, 2004, Paul Bonczyk ("Obligor") executed and delivered to Movant a promissory note (the "Note"), a copy of which is attached hereto as an Exhibit, in the amount of $216,000.00, plus interest at the rate of 5.625% per annum, attorneys' fees, costs and late charges to be paid over thirty (30) years.

4. To secure the repayment of the sums due under the Note, Obligors executed and delivered to Movant a mortgage on the Property dated October 25, 2004 (hereinafter

"Mortgage"), encumbering the real property and improvements thereon known as 2 Trinity Ave, Worcester, MA 01605. A copy of the Mortgage is attached hereto and incorporated herein an Exhibit.

5. The Mortgage and Note were later transferred to Movant, and Movant is the present holder of the Mortgage and Note.

6. Review of the title to the Property shows that the Debtor may hold a lien junior to the Mortgage.

7. The Obligor is now in default under the Note, having failed to make payments under the Note, and Movant seeks to exercise its non-bankruptcy rights and remedies with respect to the Note, including but not limited to enforcement of its rights against the Mortgage. The current pay-off of the Movant's note is approximately $261,249.85.

8. Because its junior mortgage described in ¶ 6 above is subordinate to the Mortgage, the Debtor has no equity in the Property.

9. According to the opinion of a broker qualified to sell real property in the region in which the Property is located, or a certified real estate appraiser, the Property is worth approximately $240,000.00, before deducting costs of sale, broker's fees, and other fees that might be incurred in the liquidation of the Property.

10. Because the Debtor's junior mortgage adds little or no value to the bankruptcy estate, the Property is not necessary for Debtor's reorganization.

11. Because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization, relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage.

12. Moreover, upon information and belief, the value of the Property is decreasing, or not increasing at the same rate as the Obligor's indebtedness under the Note is increasing. Therefore, Movant's interest in the Mortgage is not adequately protected.

13. A continued stay of Movant's action against the Obligor and the Property will cause Movant significant prejudice.

14. Therefore, cause exists to terminate the automatic stay to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage pursuant to § 362(d)(1) of the Bankruptcy Code.

15. Movant believes that this motion will be unopposed or entered upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

16. Copies of this motion and notice hereof have been served upon the Debtor, counsel for the Debtor, counsel for the Committee, counsel for the United States Trustee, and the borrower. Movant submits that no other or further notice is necessary with respect to the Motion.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

**WHEREFORE**, for the foregoing reasons, Movant respectfully requests that this Court enter an Order terminating the automatic stay and allowing Movant to exercise its non-

bankruptcy rights and remedies as to the Property, including but not limited to foreclosure of the Mortgage, and granting such other and further relief as this court deems just and proper.

Dated: November 9, 2017                                            Respectfully submitted,

                                              /s/ Lisa R. Hatfield
Lisa R. Hatfield, BAR# 4967
Robert I. Masten, Jr., BAR# 5033
Stern & Eisenberg Mid Atlantic, P.C.
500 Creek View Road, Suite 304
Newark, DE 19711
Ph:  302-731-7200
lhatfield@sterneisenberg.com
Attorney for Movant