# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: AMERICAN HOME MORTGAGE HOLDINGS, INC., <br><br> Debtor. <br><br><br> U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-9, ASSET-BACKED CERTIFICATES SERIES 2006-9, <br><br> Movant, <br><br> and <br><br> AMERICAN HOME MORTGAGE HOLDINGS, INC., <br><br> Debtor. | Chapter 11 <br> Case No. 07-11047-CSS <br><br><br><br><br><br><br><br><br><br><br> Objections due: February 7, 2018 @ 04:00 p.m. <br> Hearing Date: February 14, 2018 @ 10:00a.m. |

**MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-9, ASSET-BACKED CERTIFICATES SERIES 2006-9 FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION AS TO 241 BELMONT STREET, EVERETT, MA**

U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-9, Asset-Backed Certificates Series 2006-9 ("Movant"), by and through its undersigned counsel, hereby moves this Court pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 9014, for an order terminating the automatic stay of 11 U.S.C. § 362 (the "Motion"), to allow Movant and any subsequent holders of the loan and/or mortgage documents evidencing Movant's claim and security interest in certain real property in which the above-captioned Debtor (the "Debtor"), claims an interest, to exercise all rights and remedies with respect to such real property including, without limitation, foreclosing on the mortgage against the Property, 241 Belmont Street, Everett, Massachusetts. In support of this Motion, Movant respectfully represents as follows:

**SUMMARY**

1.  This is a motion for relief from the automatic stay regarding a mortgage on real property on which the Debtor holds a mortgage. The Movant's records reflect that the Debtor filed its Chapter 11 petition on August 6, 2007. The Borrower, Byron A. Flores (hereinafter "Borrower"), is delinquent 61 payments for the months of October, 2012 through November, 2017.

**JURISDICTION AND VENUE**

2.  The Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334(b). This Motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure and is a core matter properly heard by this Court pursuant to 28 U.S.C. § 157(b)(2)(G). Venue of this Motion is proper before this Court pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

**BACKGROUND**

3.  This is Movant's first motion for relief sought in this case.

4.  Movant is a secured creditor of the Borrower as evidenced by a certain note (the "Note"), in the principal amount of $294,000.00, executed on January 24, 2006. Pursuant to the Note, the Borrower is currently required to make monthly payments in the amount of $1,783.88.

5.  Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Motion for: U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-9, Asset-Backed Certificates Series 2006-9 (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The noteholder has the right to foreclose because Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Noteholder or has been duly endorsed.

6. The Borrower's indebtedness and obligation as evidenced by the Note are secured by a valid and perfected lien in and security interest in first position against the real property located at and commonly known as 241 Belmont Street, Everett, Massachusetts 02149 (the "Property"). The lien against the Property, which secures the Borrower's obligations under the Note, was granted pursuant to the certain Mortgage dated on or about January 24, 2006 and executed and delivered by the Borrower on or about that date (the "Mortgage"). The total indebtedness owed on the Note and Mortgage, good through November 3, 2017, is $388,368.54. The loan was subsequently assigned Movant. See Note, Recorded Mortgage and Recorded Assignment of Mortgage attached hereto as **Exhibit A.**

7. One of the jointly administered Debtors, American Home Mortgage Corp. d/b/a American Broker's Conduit, holds a second mortgage on the Property in the original principal amount of $84,000.00. A copy of a title report reflecting same is attached hereto as **Exhibit B**.

8. As of November 3, 2017, the Borrower is in default of the Note and Mortgage obligations to Movant as he has failed to make mortgage payments that have come due for the months of October, 2012 through November, 2017.

9. As of November 3, 2017, the amount of the total arrears owed by the Borrower to Movant in connection with the Note and secured by the lien of the Mortgage is $106,336.27 representing delinquent payments and late charges less suspense balance of $561.51for the months set forth above. See Declaration attached as **Exhibit C**.

10. Upon information and belief, the Borrower is current in County taxes.

11. Upon information and belief, the fair market value of the property is $415,000.00. See Broker's Price Opinion, attached as **Exhibit D**. The condition of the interior is unknown.

**MOVANT IS ENTITLED TO RELIEF FROM STAY**

12. Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

>	(d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
>>	(1) for cause, including lack of adequate protection of an interest in property;
>>
>>	(2) with respect to a stay of an act against property under subsection (a) of this section, if –
>>
>>>	(A) the debtor does not have equity in such property; and
>>>
>>>	(B) such property is not necessary to an effective reorganization.
>>>	11 U.S.C. § 362(d).

13.	The Bankruptcy Code does not define "cause," and courts have held that this determination is to be made on a case-by-case basis.  See In re Rexene Products Co., 141 B.R. 574 (Bankr. D. Del. 1992).  As discussed below, ample "cause" exists to support Movant's request for relief from the automatic stay under section 362 of the Bankruptcy Code.

14.	Section 362(d) provides that the court shall grant relief from the automatic stay for cause, including the lack of adequate protection.  Therefore, relief is mandated if cause is shown. Moreover, when a creditor meets its initial burden on the issue of cause under section 362 by providing evidence of the debtor's failure to remit post-petition installment payments on a secured debt, the burden shifts to the debtor to show how the creditor is adequately protect.  In re Epic Capital Corp., 290 B.R. 514, 526 (Bankr. D. De. 2003); In re Hinchliffe, 164 B.R. 45, 48 (Bankr. E.D. Pa. 1994).  If the debtor does not meet this burden, then the court should grant the creditor's request for relief.  Id.

15.	Cause exists under section 362(d)(1) of the Bankruptcy Code to terminate the automatic stay to allow Movant, and any and all subsequent holders of the Note and/or Mortgage, to take all actions necessary to exercise all rights and remedies against the Property, including, without limitation, foreclosing on the Mortgage.  The justifications are, inter alia, that Movant's interest in the Property is not and cannot be adequately protected during the further maintenance of the automatic stay in this case as a direct result of the Borrower's failure to remit timely payments to Movant. To the extent

there may be equity, it inures to the benefit of the Borrower who owns the Property. Proper notice of the foreclosure will be provided to the Debtor who holds a second mortgage on the Property.

## **NOTICE**

16.     Notice of this Motion has been given to the Debtor, Debtor's counsel, the United States Trustee, and those listed on the Certificate of Service including the Borrower. Movant submits that no other or further notice is necessary with respect to the Motion.

**WHEREFORE,** U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-9, Asset-Backed Certificates Series 2006-9, respectfully requests that the Court enter an order: (i) granting relief from stay to allow it, and any and all subsequent holders of the Note and/or Mortgage, to exercise all rights and remedies against the Property as a secured creditor of the Debtor in accordance with the Mortgage and applicable law, including without limitation, foreclosing on the Mortgage and (ii) granting such other and further relief as it deems just and proper.

McCABE, WEISBERG & CONWAY, LLC

*/s/ Kristi J. Doughty*
Janet Z. Charlton, Esquire (No. 2797)
Chase N. Miller, Esquire (No. 5363)
Kristi J. Doughty, Esquire (No. 3826)
1407 Foulk Road, Suite 102
Foulkstone Plaza
Wilmington, DE 19803
(302) 409-3520 [tel]
(855) 425-1980 [fax]
Attorney for Creditor

DATED: December 42, 2017