**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**AMERICAN HOME MORTGAGE HOLDINGS, INC.,** a Delaware Corporation, *et al*.<br><br>          Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Objection Deadline: July 16, 2018 @ 04:00 p.m.<br><br>Hearing Date: July 24, 2018 @ 02:00 p.m. |

**MOTION OF U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST
FOR RELIEF FROM THE AUTOMATIC STAY
AS TO 12061 ROSE HALL DRIVE, CLIFTON, VIRGINIA 20124**

Under 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and Fed R. Bankr. P. 9014, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Movant"), by and through its undersigned counsel, hereby moves this Court, for an order terminating the automatic stay *nunc pro tunc* (the "Motion) as to 12061 Rose Hall Drive, Clifton, Virginia 20124 ("Property").

Movant seeks to stay relief to exercise all rights and remedies as a secured creditor as to the Property, specifically to proceed with a declaratory judgment action before the Circuit Court For Fairfax County, Virginia entitled *U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Theresa K. Fedewa, et al.*, Case No. 2017-04658 ("Declaratory Judgment Action)". (Attached hereto as **Exhibit A** is a true and correct copy of the complaint filed in the Declaratory Judgment Action.)

In support of its Motion, Movant avers as follows:

**SUMMARY**

1. This is a motion for relief from the automatic stay to permit the Declaratory Judgment Action to proceed to determine the priority of certain deeds of trust encumbering the Property.

2. Debtor American Home Mortgage is a party to the action and may hold a beneficiary interest in one of the deeds of trust.

3. Upon information and belief, however, American Home Mortgage's interest in the Property was satisfied with proceeds received from a subsequent loan.

4. One of the main goals of the Declaratory Judgment Action is to correct the title to the Property to reflect the satisfaction of American Home Mortgage's interest in the Property.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure and is a core matter properly heard by this Court under 28 U.S.C. § 157(b)(2)(G).

6. Venue of this Motion is proper before this Court under 28 U.S.C. § 1409(a). The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

**BACKGROUND**

a. **Defects in the Title of the Property.**

7. On or about April 26, 1996, the Property was conveyed to a Maryland corporation named Clifton Greens, Inc. (Ex. A-0012.) Upon information and belief, Clifton Greens, Inc. borrowed two million dollars ($2,000,000.00) from George Mason Bank to

purchase the Property ("George Mason Loan").  As security for the George Mason Loan, Clifton Greens, Inc. conveyed the Property to Kendal E. Carson, Trustee and Kevin F. DeCoste, Trustee ("George Mason Deed of Trust").  (Ex. A-0013-0049)

8. On or about October 2, 1996, Clifton Greens, Inc. conveyed the Property to Lawrence J. Fedewa and Fedewa.  The title to the Property does not reflect that the George Mason Deed of Trust was ever satisfied.  (Ex A-0050-51.)  But, Movant has confirmed that the George Mason Deed of Trust was satisfied.

9. On May 22, 2006, Lawrence J. and Teresa K. Fedewa, husband and wife, borrowed one million seven hundred ninety-four thousand dollars ($1,794,000.00) from American Home Mortgage (the "AHM Loan").  As security for the AHM Loan, the Fedewas conveyed the Property to Douglas Huston, Trustee ("AHM Deed of Trust"). (Ex A-0052-78.)

10. Upon information and belief, on or about April 12, 2007, the Fedewas borrowed one million eight hundred seventy-two thousand dollars ($1,872,000.00) from Washington Mutual Bank, F.A. (the "First Washington Mutual Loan").  As security for the First Washington Mutual Loan, the Fedewas conveyed the Property to John Burson, Trustee. ("First Washington Mutual Deed of Trust"). (Ex. A-0079-102.)

11. Upon information and belief, on or about April 12, 2007, Fedewas also borrowed one hundred seventeen thousand dollars ($117,000.00) from Washington Mutual Bank, F.A. (the "Second Washington Mutual Loan").  As security for the Second Washington Mutual Loan, the Fedewas conveyed the Property to John Burson, Trustee ("Second Washington Deed of Trust"). (Ex. A-0103-0116.)

12. Upon information and belief, proceeds of the First Washington Mutual Loan were used to pay off the AHM Loan. The AHM Deed of Trust, however, was never marked satisfied, and a declaratory judgment is necessary to clear the title to the Property.

13. Upon or about October 27, 2014, the Federal Deposit Insurance Corporation, Receiver for Washington Mutual Bank f/k/a Washington Mutual Bank, F.A. assigned the First Washington Mutual Deed of Trust to JPMorgan Chase Bank, N.A. (Ex. A-0119-0120.)

14. Then, on or about November 7, 2014, JPMorgan Chase Bank, N.A. assigned the First Washington Mutual Deed of Trust to Movant. (Ex. A-0121.)

15. The George Mason Deed of Trust was satisfied during this litigation.

16. The AHM Deed of Trust has *not* been satisfied and remains a cloud on the title.

b. **The Declaratory Judgment Action Should Proceed To Determine and Declare the Rights Between the AHM Deed of Trust and the Washington Mutual Deed of Trust**

17. On or about March 29, 2017, Movant commenced the Declaratory Judgment Action against the parties-of-interest that may have an interest in the Property, including the debtor American Home Mortgage.

18. Movant seeks a determination as to the various interests affecting the Property, including a declaration as to whether the George Mason Deed of Trust and the AHM Deed of Trust were satisfied.

19. The trial scheduling order issued on or about October 19, 2017 and the parties proceeded with discovery. The case was scheduled to go to trial on May 2, 2018 but was continued because of these bankruptcy proceedings.

20. On or about April 5, 2018, Movant filed a suggestion of bankruptcy notifying the Fairfax Circuit Court of Virginia ("Virginia Circuit Court") of these proceedings. (Attached hereto as **Exhibit B** is the suggestion of bankruptcy filed in these proceedings).

21. On or about April 19, 2018, the Virginia Circuit Court stayed the claims against the defendant American Home Mortgage but continued the case as to the other defendants. (Attached hereto as **Exhibit C** is a true and correct copy of the order issued by the Virginia Circuit Court.)

22. Because of the automatic stay, the Virginia Circuit Court continued the trial date until September 2018, permitting the Movant time to seek relief from the automatic stay from this Court.

23. Sufficient cause exists to grant the Movant's request for the relief from the automatic stay.

**RELIEF FROM STAY IS NECESSARY TO PROTECT THE MOVANT'S SECURITY INTEREST IN THE PROPERTY AND THE MOVANT LACKS ADEQUATE PROTECTION**

24. Section 362(d) of the Bankruptcy Code, in its relevant part, reads as follows:

**(d)** On request of a party in interest and **after notice and a hearing**, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

**(1)** for cause, **including** the lack of adequate protection of an interest in property of such party in interest;

**(2)** with respect to a stay of an act against property under subsection (a) of this section, if—

   **(A)** the debtor does not have an equity in such property; and
   **(B)** such property is not necessary to an effective reorganization;

25.    Adequate cause exists under section 362(d)(1) of the Bankruptcy Code to terminate the automatic stay to allow Movant, and any other holders of note, mortgage, or beneficiary of a deed of trust, to take all actions necessary to proceed with the Declaratory Judgement Action to determine and declare the priority of security interests affecting the Properpty.

26.    Movant holds a valid security interest in the Property in the amount of one million eight hundred seventy-two thousand dollars ($1,872,000.00), as evidence by the First Washington Mutual Deed of Trust (Ex. A-0079-102.) and the assignments discussed above in Paragraphs 13 & 14.  The First Washington Mutual Loan is in default, and Movant is unable to secure its collateral.

27.    Without relief from the automatic stay, the Declaratory Judgment Action will proceed without a determination as to the whether the AHM Deed of Trust was satisfied, leaving Movant's security interest under the First Washington Mutual Deed of Trust unsettled and undetermined.

28.    Without relief from the Declaratory Judgement Action, Movant is unable to protect its security interest in the Property.

29.    Thus, Movant lacks adequate protection and relief from the automatic stay is warranted.

30.    It is important to note that if the AHM Deed of Trust was satisfied, debtor has no interest in the Property, and relief from the automatic stay would not be necessary.

**NOTICE**

31.    Movant provided notice of this Motion to the Debtor, Debtor's counsel, the United States Trustee, and those listed on the Certificate of Service, including the borrower and

all parties named in the Declaratory Judgment Action. Movant submits that no further notice is necessary with respect to the Motion.

WHEREFORE, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust respectfully requests that the Court enter an order: (i) granting relief from stay to allow it, and any and all subsequent holders of the note and or mortgage or deed of trust, to exercise all rights and remedies against the property as a secured creditor of the borrowers in accordance with the mortgage or deed of trust and applicable law including without limitation filing a declaratory judgment action for the purpose of asking the Virginia court to mark the AHM Deed of Trust satisfied on the ground that AHM was paid in full in April 2007, and granting such other and further relief as it deems just and proper.

                Respectfully submitted,

                /s/ Scott T. Earle
                Scott T. Earle, Esq. (DE Bar No. 4541)
                Zarwin Baum DeVito Kaplan
                Schaer Toddy, P.C.
                1007 North Orange Street, 4th Floor
                Wilmington, Delaware 19801
                (302) 655-9094 (Tel)
                (302) 391-1126 (Fax)
                Email: stearle@zarwin.com
                Counsel for Movant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

June 20, 2018