EXHIBIT A

Part III

2007011099.001        BK 19269 0948        04/19/2007 08:58:33

VB Cover Sheet Version 2.0                                    Page 1 of 1

## Fairfax Land Records Cover Sheet

Instrument(s)
TRUST

Grantor(s)
FEDEWA, LAWRENCE J_I_N; FEDEWA, THERESA J_I_N

Grantee(s)
WASHINGTON MUTUAL BANK_I_N; BURSON, JOHN_I_T

| Consideration | 117000. | | Consideration % | 100 |
|---|---|---|---|---|
| Tax Exemption | None | | Amount Not Taxed | |
| DEM Number | | | Tax Map Number | 086-3- -13- -0003-_Y| |
| Original Book | | | Original Page | |
| Title Company | SOVEREIGN TITLE COMPANY | | Title Case | |
| Property Descr. | 12061 ROSE HALL DRIVE CLIFTON VA 20124 | | | |
| Certified | NO | Copies | 0 | Page Range | |



2 of 2

EXHIBIT 6

4/18/2007

A-0103

BK 19269 0949

Recording requested by and
when recorded return to:
CONSUMER LOAN RECORDS CENTER
1170 SILBER RD
HOUSTON, TX 77055
ATTN: MAILSTOP: CLRVLTTX

**Washington
Mutual**

**WaMu Equity Plus™**
**DEED OF TRUST**

Loan Number:  0766748941

## THIS IS A CREDIT LINE DEED OF TRUST

THIS DEED OF TRUST is between:
THERESA K. FEDEWA AND LAWRENCE J. FEDEWA

whose address is:
12061 ROSE HALL DR CLIFTON, VA 20124-2066

("Grantor");                     JOHN BURSON                     ,the address of which is:
1816 N. VAN BUREN STREET ARLINGTON, VA 22205

("Trustee"); and
WASHINGTON MUTUAL BANK, A FEDERAL ASSOCIATION, WHICH IS ORGANIZED AND
EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND WHOSE
ADDRESS IS 2273 N GREEN VALLEY PARKWAY, SUITE #14, HENDERSON, NV 89014
("BENEFICIARY") AND ITS SUCCESSORS OR ASSIGNS.
   1.   Granting Clause. For the benefit of Beneficiary, Grantor hereby grants, bargains,
sells, and conveys to Trustee in trust, with power of sale, the real property in
   FAIRFAX          County, Virginia, described below, and all rights and interest in
it Grantor ever gets:
THE LEGAL DESCRIPTION IS ATTACHED HERETO AS A SEPARATE EXHIBIT AND IS
MADE A PART HEREOF

This Deed of Trust is second and subordinate to the Washington Mutual Bank First Deed
of Trust in the amount of $1,872,000  recording concurrently herewith.

Tax Parcel Number: _____0863130003_____ together with all

30750 (12/12/06) w8.1              BORROWER COPY              Page 1 of 8/3

*Return: #209*
*Sovereign Title*
*6718 Whittier Ave #200*
*McLean VA. 22101*

A-0104

BK 19289 0950

0766748941

insurance proceeds and condemnation proceeds related to it; income, rents and profits from it; all plumbing, lighting, air conditioning and heating apparatus and equipment and other improvements; and all fencing, blinds, drapes, floor coverings, built-in appliances, and other fixtures, at any time installed on or in or used in connection with such real property.

All of the property described above will be called the "Property." If any of the Property is personal property, this Deed of Trust is also a Security Agreement which grants Beneficiary, as secured party, a security interest in all such property. Despite any other provision of this Deed of Trust, however, Beneficiary is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such security interest would be prohibited by applicable law. As used herein "State" shall refer to the Commonwealth of Virginia.

2.   Obligation Secured. This Deed of Trust is given to secure performance of each promise of Grantor contained herein and in a _____WaMu Equity Plus(TM)_____ Agreement and Disclosure with Beneficiary of even date herewith with a maximum credit limit of _____$117,000.00_____, which is the maximum aggregate amount of principal to be secured at any one time, (the "Credit Agreement"), including any extensions, renewals or modifications thereof, and repayment of all sums borrowed by Grantor under the Credit Agreement, with interest from the date of each advance until paid at the rates provided therein. The Credit Agreement provides for variable and fixed rates of interest. Under the Credit Agreement, the Grantor may borrow, repay and re-borrow from time to time, up to the maximum credit limit stated above, and all such advances shall be secured by the lien of this Deed of Trust. This Deed of Trust also secures payment of certain fees and charges payable by Grantor under the Credit Agreement, certain fees and costs of Beneficiary as provided in Section 9 of this Deed of Trust, and repayment of money advanced by Beneficiary to protect the Property or Beneficiary's interest in the Property, including advances made pursuant to Section 6 below. The Credit Agreement provides that unless sooner repaid, all amounts due under the Credit Agreement are due and payable in full thirty (30) years from the date of this Deed of Trust (the "Maturity Date"). All amounts due under the Credit Agreement and this Deed of Trust are called the "Debt."

3.   Representations of Grantor. Grantor represents that:
(a)   Grantor is the owner of the Property, which is unencumbered except by: easements, reservations, and restrictions of record not inconsistent with the intended use of the Property and any existing first mortgage or deed of trust given in good faith and for value, the existence of which has been disclosed in writing to Beneficiary; and
(b)   The Property is not presently and will not during the term of this Deed of Trust be used for any agricultural purposes.

4.   Promises of Grantor. Grantor promises:
(a)   To keep the Property in good repair and not to remove, alter or demolish any of the improvements on the Property, without first obtaining Beneficiary's written consent;
(b)   To allow representatives of Beneficiary to inspect the Property at any

30750 (12/12/06) w6.1                     BORROWER COPY                     Page 2 of 8/3

BK 19269 0951

0766748941

reasonable hour, and to comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the Property;

(c) To pay on time all lawful taxes and assessments on the Property;

(d) To perform on time all terms, covenants and conditions of any prior mortgage or deed of trust covering the Property or any part of it and pay all amounts due and owing thereunder in a timely manner;

(e) To see to it that this Deed of Trust remains a valid lien on the Property superior to all liens except those described in Section 3(a), and to keep the Property free of all encumbrances which may impair Beneficiary's security;

(f) To keep the improvements on the Property insured by a company satisfactory to Beneficiary against fire and extended coverage perils, and against such other risks as Beneficiary may reasonably require, in an amount equal to the full insurable value of the improvements, and to deliver evidence of such insurance coverage to Beneficiary. Subject to the rights of the holder of any lien described in 3(a), Beneficiary shall be named as the loss payee on all such policies pursuant to a standard lender's loss payable clause. The amount collected under any insurance policy shall be applied to the repair of such improvements, unless doing so would impair Beneficiary's security, in which event such proceeds may be applied upon any indebtedness hereby secured. In the event of foreclosure or sale of the Property pursuant to the Trustee's power of sale, all rights of the Grantor in insurance policies then in force shall pass to the purchaser at the Sheriff's or Trustee's sale.

(g) To sign all financing statements and other documents that Beneficiary may request from time to time to perfect, protect and continue Beneficiary's security interest in the Property. Grantor irrevocably appoints Beneficiary as Grantor's attorney-in-fact to execute, file and record any financing statements or similar documents in Grantor's name and to execute all documents necessary to transfer title if there is a default; and

(h) To advise Beneficiary immediately in writing of any change in Grantor's name, address or employment.

5. Sale, Transfer or Further Encumbrance of Property. Subject to applicable law, the entire Debt shall become immediately due and payable in full upon sale or other transfer of the Property or any interest therein by Grantor by contract of sale or otherwise including, without limit, any further encumbrance of the Property.

6. Curing of Defaults. If Grantor fails to comply with any of the covenants in Section 4, including all the terms of any prior mortgage or deed of trust, Beneficiary may take any action required to comply with any such covenants without waiving any other right or remedy it may have for Grantor's failure to comply. Repayment to Beneficiary's of all the money spent by Beneficiary on behalf of Grantor shall be secured by this Deed of Trust; at Beneficiary's option, advance may be made against the Credit Agreement to pay amounts due hereunder; such shall not relieve Beneficiary from liability for failure to fulfill the covenants in Section 4. The amount spent shall bear interest at the rates from time to time applicable under the Credit Agreement and be repayable by Grantor on demand. Although Beneficiary may take action under this paragraph, Beneficiary is not obligated to do so.

30750 (12/12/06) w8.1                    BORROWER COPY                    Page 3 of 8 15

A-0106

BK 19269 0952

0766748941

7.  Remedies For Default.

(a)  Prompt performance under this Deed of Trust is essential. If Grantor does not pay any installment of the Debt or other amount due hereunder on time, or any other event occurs that entitles Beneficiary to declare the unpaid balance of the Debt due and payable in full under the Credit Agreement, or if Grantor fails to comply with any other term, condition, obligation or covenant contained in the Credit Agreement or this Deed of Trust or any rider thereto, or any other deed of trust, mortgage, trust indenture or security agreement or other instrument having priority over this Deed of Trust, or if any representation of Grantor herein was false or misleading, the Debt and any other money whose repayment is secured by this Deed of Trust shall immediately become due and payable in full, at the option of Beneficiary, and the total amount owed by Grantor shall thereafter bear interest at the rate(s) stated in the Credit Agreement. Beneficiary may then or thereafter advise Trustee of the default and of Beneficiary's election to have the Property sold pursuant to Trustee's power of sale in accordance with applicable law and deliver to Trustee any documentation as may be required by law. After giving any notices and the time required by applicable law, Trustee shall sell the Property, either in whole or in separate parcels or other part and in such order as Trustee may choose, at public auction to the highest bidder for cash in lawful money of the United States which will be payable at the time of sale all in accordance with applicable law. Anything in the preceding sentence to the contrary notwithstanding, Beneficiary debts and obligations secured by this Deed of Trust, and any liens of record inferior to this Deed of trust may apply the Debt towards any bid at any such sale. Trustee may postpone any such sale by providing such notice as may be required by law. Unless prohibited by law, any person, including the Grantor, Beneficiary or Trustee, may purchase at any such sale. Trustee shall apply the proceeds of the sale as follows: (i) to discharge the expenses of executing the trust, including a reasonable commission to the trustee; (ii) to discharge all taxes, levies, and assessments, with costs and interest if these costs have priority over the lien of this Deed of Trust, including the due pro rata thereof for the current year; (iii) to discharge in the order of their priority, if any, the remaining Trust under which sale is made, with lawful interest; and (iv) the residue of the proceeds shall be    paid to Grantor or Grantor's assigns.

(b)  Trustee shall deliver to the purchaser Trustee's deed conveying the Property special warranty of title. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at the sale.

(c)  To the extent permitted by law the power of sale conferred by this Deed of Trust is not an exclusive remedy. In connection with any portion of the Property which is personal property, Beneficiary shall further be entitled to exercise the rights of a secured party under the Uniform Commercial Code as then in effect in the state of Virginia.

(d)  By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

8.  Condemnation; Eminent Domain. In the event any portion of the Property is taken or damaged in an eminent domain proceeding, the entire amount of the award, or such

30750 (12/12/06) w8.1          BORROWER COPY                    Page 4 of 8/13

A-0107

BK 19269 0953

0766748941

portion as may be necessary to fully satisfy the Debt, shall, except as required by applicable law, be paid to the Debt.

9. **Fees and Costs.** Grantor shall pay Beneficiary's and Trustee's reasonable cost of searching records, other reasonable expenses as allowed by law, and reasonable attorney's fees, in any lawsuit or other proceeding to foreclose this Deed of Trust; in any lawsuit or proceeding which Beneficiary or Trustee prosecutes or defends to protect the lien of this Deed of Trust; and, in any other action taken by Beneficiary to collect the Debt, including without limitation any disposition of the Property under the State Uniform Commercial Code; and, any action taken in bankruptcy proceedings as well as any appellate proceedings.

10. **Reconveyance.** Trustee shall reconvey the Property to the person entitled thereto, on written request of Beneficiary, or following satisfaction of the obligations secured hereby and Beneficiary and Trustee shall be entitled to charge Grantor a reconveyance fee together with fees for the recordation of the reconveyance documents unless prohibited by law. If Grantor's Credit Line is canceled or terminated, subject to applicable law, Beneficiary may delay the cancellation or reconveyance of Grantor's security instrument for a reasonable period of time to enable Beneficiary to post to Grantor's Credit Line Account any advances that Grantor has received.

11. **Trustee; Successor Trustee.** Beneficiary may, unless prohibited by law, appoint a successor Trustee from time to time in the manner provided by law. The successor trustee shall be vested with all powers of the original trustee. The Trustee is not obligated to notify any party hereto of a pending sale under any other deed of trust or of any action or proceeding in which Grantor, Trustee or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee

12. **Savings clause.** If a law, which applies to this Deed of Trust or the Credit Agreement and which sets maximum loan charges, is finally interpreted by a court having jurisdiction so that the interest or other loan charges collected or to be collected in connection with this Deed of Trust or the Credit Agreement exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from Grantor which exceeded permitted limits will be refunded to Grantor. Beneficiary may choose to make this refund by reducing the principal owed or by making a direct payment. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

13. **Miscellaneous.** This Deed of Trust shall benefit and obligate the heirs, devisees, legatees, administrators, executors, successors, and assigns of the parties hereto. The term "Beneficiary" shall mean the holder and owner of the Credit Agreement secured by this Deed of Trust, whether or not that person is named as Beneficiary herein. The words used in this Deed of Trust referring to one person shall be read to refer to more than one person if two or more have signed this Deed of Trust or become responsible for doing the things this Deed of Trust requires. This Deed of Trust shall be governed by and construed in accordance with federal law and, to the extent federal law doesn't apply, the laws of the

30750 (12/12/06) w8.1                    BORROWER COPY                    Page 5 of 8 /3

A-0108

BK 19269 0954

0766748941

state of Virginia. If any provision of this Deed of Trust is determined to be invalid under law, the remaining provisions of this Deed of Trust shall nonetheless remain in    full force and effect.

14. **Beneficiary and Similar Statements.** Beneficiary may collect a fee in the maximum amount allowed by law, for furnishing any beneficiary statement, payoff demand statement or similar statement.

15. **Credit Line Deed of Trust.** This is a Credit Line Deed of Trust within the meaning of Section 55.58.2 of the Code of Virginia, as amended. For purposes of such section, the name of the noteholder secured by this Deed of Trust is __WASHINGTON MUTUAL BANK__, and the address at which communications may be mailed or delivered to the noteholder is ___CONSUMER LENDING -- BR2CLFL PO BOX 6868 LAKE WORTH, FL 33466___.

16. **Request for Notice of Default and Foreclosure Under Prior Deed of Trust.** Grantor and Beneficiary hereby request the holder of any other mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust, to give notice to Beneficiary, at Beneficiary's address set forth on page one of this Deed of Trust, of any default under any superior encumbrance and of any sale or other foreclosure action.

17. **Riders.** If one or more riders are executed by Grantor and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Condominium Rider          ☐ Other: _____
                                                    (specify)
☒ Planned Unit Development Rider

NOTICE - THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

30750 (12/12/06) w8.1          BORROWER COPY          Page 6 of 8 /3

A-0109

BK 19269 0955

0766748941

By signing below, Grantor accepts and agrees to the provisions of this Deed of Trust, and of any rider(s) executed by Grantor concurrently therewith.

DATED at ___McLean___ , ___Virginia___ this __12th__ day of ___April___ , __2007__.

_Theresa K. Fedewa_
THERESA K FEDEWA

_Lawrence J. Fedewa_
LAWRENCE J. FEDEWA

30750 (12/12/06) w8.1                **BORROWER COPY**                Page 7 of 8/3

A-0110

BK 19269 0956

0766748941

COMMONWEALTH OF VIRGINIA        )
                                ) ss
COUNTY OF _Fairfax_             )

The foregoing instrument was acknowledged before me this _April 12, 2007_ by:
THERESA K FEDEWA _____ and
LAWRENCE J. FEDEWA _____ and
_____ and
_____ and
_____ and
_____ and
_____ and

_____
Notary Public

My Commission Expires: ____3/31/08____



A-0111

BK 19269 0957

### EXHIBIT A
### LEGAL DESCRIPTION

Lot 3, ROSE HALL, as the same appears attached to a Deed of Division, Dedication and Easement recorded in Deed Book 8945 at Page 628 and corrected in Deed Book 9295 at Page 67, among the land records of Fairfax County, Virginia.

AND BEING A PORTION OF THE PROPERTY acquired by Lawrence J. Fedewa and Theresa K. Fedewa, by Deeds recorded in Deed Book 9824 at Page 1358 and Deed Book 9900 at Page 1695, among the land records of Fairfax County, Virginia.

Property Address: 12061 Rose Hall Drive, Clifton, VA 20124

Tax Map Reference No. 086 3 13 0003

9 of 13

A-0112

BK 19269 0957 A

Recording requested by and
when recorded return to:
CONSUMER LOAN RECORDS CENTER
1170 SILBER RD
HOUSTON, TX 77055
ATTN: MAILSTOP: CLRVLTTX
This document was prepared by:
AUDREY SIAS
WASHINGTON MUTUAL BANK
8880 FREEDOM CROSSING TRL
JACKSONVILLE, FL 32256-1215

 **Washington Mutual**

## PLANNED UNIT DEVELOPMENT RIDER

Loan Number:   0766748941

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 12th day of _____ April _____
2007 , and is incorporated into and shall be deemed to amend and supplement the Mortgage,
Deed of Trust, or Security Deed (the "Security Instrument") of the same date, given by the
undersigned (the "Borrower") to secure Borrower's Note to:
_____ WASHINGTON MUTUAL BANK _____ (the "Lender")
of the same date and covering the Property described in the Security Instrument and located at:
_____ 12061 ROSE HALL DR CLIFTON, VA 20124-2086 _____
(Property Address)

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with
other such parcels and certain common areas and facilities, as described in the recorded declaration
and related documents creating a planned unit development (the "Declaration"). The Property is a
part of a planned unit development known as:
_____ ROSE HALL _____
(Name of Planned Unit Development)

(the "PUD"). The Property also includes Borrower's interest in the Homeowners' Association or
equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners'

4933 (12/27/05) w7.1          BORROWER COPY          Page 1 of 3

A-0113

BK 19269 0958

0766748941

Association") and the uses, benefits, and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners' Association; and (iii) any by-laws or other rules or regulations of the Owners' Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B. Property Insurance. So long as the Owners' Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage", and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then:
(i) Borrower's obligation under the Security Instrument to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners' Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

C. Public Liability Insurance. Borrower shall take such actions as may be reasonable to insure that the Owners' Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D. Condemnation. The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided therein with the excess, if any, paid to Borrower.

4933 (12/27/05) w7.1                    BORROWER COPY                    Page 2 of 3

A-0114

BK 19269 0959

0766748941

E.   Lender's Prior Consent.  Borrower shall not, except after notice ·to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:

(i)   the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

(ii)  any amendment to any provision of the "Constituent Documents" if the provision is for · the express benefit of Lender;

(iii) termination of professional management and assumption of self-management of the Owners' Association; or ·

(iv) · any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners' Association unacceptable to Lender.

F.   Remedies.  If Borrower does not pay PUD dues and assessments when due, then Lender may pay them.  Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument.  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment unless otherwise prohibited by applicable law.

4933 (12/27/05) w7.1                    BORROWER COPY ·                         Page 3 of 4

12 8 13

A-0115

BK 19269 0960

0766748941

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_Theresa K Fedewa_
THERESA K FEDEWA

_Lawrence J Fedewa_
LAWRENCE J. FEDEWA

BORROWER COPY

Page 4 of 4
/3 of 13

04/19/2007
RECORDED FAIRFAX CO VA
TESTE: ___

A-0116

2014030043.002      BK 23860 0962      11/07/2014 10:14:22

Fairfax County Circuit Court, DMZ Cover Sheet v2.1                    Page 1 of 1

# Fairfax County Circuit Court
# DMZ Cover Sheet v2.1

**Instruments**
ASSIGNMENT OF TRUST

**Grantor(s)**
THE FEDERAL DEPOSIT INSURANCE CORPORATION _P_N, FEDEWA, THERESA K._I_N

**Grantee(s)**
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION_P_N

| Consideration | | Consideration % | 100 | |
|---|---|---|---|---|
| Tax Exemption | | Amount Not Taxed | | |
| DEM Number | | Tax Map Number | | |
| Original Book | 19269 | Original Page | 975 | |
| Title Company | | | Title Case | 24871297 |
| Property Descr. | 12061 ROSE HALL DR., CLIFTON VA 20124 | | | |
| Certified | NO | Copies | 0 | Page Range | |



EXHIBIT 7

http://166.94.11.63/coversheet/coversheet.aspx                    10/31/2014

A-0117

BK 23860 0963

Loan No 3013401223A

RPC 0863-13-0083

## NOTICE OF CORPORATE ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, THE FEDERAL DEPOSIT INSURANCE CORPORATION, A CORPORATION ORGANIZED AND EXISTING UNDER AN ACT OF CONGRESS (FDIC), WHOSE ADDRESS IS 1601 BRYAN STREET, DALLAS, TX 75201, AND ACTING IN ITS RECEIVERSHIP CAPACITY AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA, (ASSIGNOR) by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 KANSAS LANE, MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Deed of Trust dated 04/12/2007 made by THERESA K. FEDEWA AND LAWRENCE J. FEDEWA to JOHN DURSON, trustee, and recorded in Book 19269, Page 975 and Instrument # 2007011099.002 in the amount of $1,872,000.00 in the office of the Recorder of (Town/City) CLIFTON, County of FAIRFAX, Virginia.

This Assignment is made without recourse, representation or warranty, express or implied, by the FDIC in its corporate capacity or as Receiver.

This Assignment is intended to further memorialize the transfer that occurred by operation of law on September 25, 2008 as authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. S1821 (d)(2)(G)(i)(II)

IN WITNESS WHEREOF, this Assignment is executed on _10 / 07 / 2014_ (MM/DD/YYYY).
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS ATTORNEY IN FACT FOR THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA

By: _____
Ashley Thanya
Vice President

STATE OF LOUISIANA    PARISH OF OUACHITA
On _10 / 07 / 2014_ (MM/DD/YYYY),    before    me    appeared
_Ashley Thanya_, to me personally known, who did say that he/she/they is/are the
_Vice President_ of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS ATTORNEY IN FACT FOR THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the instrument to be the free act and deed of the corporation (or association).

_____          TODD C SYLVESTER
TODD C SYLVESTER     # 062367          NOTARY PUBLIC #062367
Notary Public - State of LOUISIANA      OUACHITA PARISH, LOUISIANA
Commission expires: Upon My Death        MY COMMISSION IS FOR LIFE

Document Prepared By: _Ashley Thanya_, JPMorgan Chase Bank, N.A., 780 Kansas Lane, Suite A, Monroe, LA, 71203
When Recorded Return To: JPMorgan Chase Bank, NA, C/O Nationwide Title Clearing, Inc. 2100 Alt. 19 North, Palm Harbor, FL 34683
JPCAR 24871297 *C* -- NPL11   T2414101616  [C-1] FRMVAI_JPCAS3

*D00008073564*

2014030043.003        BK 23860 0964        11/07/2014 10:14:22

Fairfax County Circuit Court, DMZ Cover Sheet v2.1                          Page 1 of 1

# Fairfax County Circuit Court
# DMZ Cover Sheet v2.1

**Instruments**
ASSIGNMENT OF TRUST

**Grantor(s)**
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION_F_N, FBDEWA, THERESA K _I_N

**Grantee(s)**
U S BANK TRUST, N A _F_N

| Consideration | | Consideration % | 100 | |
|---|---|---|---|---|
| Tax Exemption | | Amount Not Taxed | | |
| DEM Number | | Tax Map Number | | |
| Original Book | 19269 | Original Page | 975 | |
| Title Company | | | Title Case | 24871326 |
| Property Descr. | 12061 ROSE HALL DR., CLIFTON VA 20124 | | | |
| Certified | NO | Copies | 0 | Page Range | |



EXHIBIT 8

http://166.94.11.63/coversheet/coversheet.aspx                          10/31/2014

A-0119

BK 23860 0965

Loan No 3013401223B

RPC 0863-13-0003

## NOTICE OF CORPORATE ASSIGNMENT OF DEED OF TRUST

Contact Caliber Home Loans, Inc. for this instrument 13801 Wireless Way, Oklahoma City, OK 73134, telephone # (800) 401-6587, which is responsible for receiving payments, for this instrument 13801 Wireless Way, Oklahoma City, OK 73134, telephone # (800) 401-6587, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 KANSAS LANE, MC 8000, MONROE, LA, 71203, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, WHOSE ADDRESS IS, 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134 (800)401-6587, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Deed of Trust dated 04/12/2007 made by THERESA K. FEDEWA AND LAWRENCE J. FEDEWA to JOHN BURSON, trustee, and recorded in Book 19269, Page 975 and Instrument # 2007011099.002 in the amount of $1,872,000.00 in the office of the Recorder of (Town/City) CLIFTON, County of FAIRFAX, Virginia.

IN WITNESS WHEREOF, this Assignment is executed on ___/__/___ (MM/DD/YYYY).
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

By: _____
Vice President

STATE OF LOUISIANA
PARISH OF OUACHITA
On ___/__/___ (MM/DD/YYYY),          before          me          appeared
_____, to me personally known, who did say that he/she/they is/are the
_____ of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the instrument to be the free act and deed of the corporation (or association).

_____
TODD C SYLVESTER    # 082387
Notary Public - State of LOUISIANA
Commission expires: Upon My Death

TODD C SYLVESTER
NOTARY PUBLIC #082387
OUACHITA PARISH, LOUISIANA
MY COMMISSION IS FOR LIFE

Prepared By:
_____, JPMorgan Chase Bank, N.A., 780 Kansas Lane, Suite A, Monroe, LA, 71203

When Recorded Return To:
JPMorgan Chase Bank, NA, C/O Nationwide Title Clearing, Inc. 2100 Alt. 19 North, Palm Harbor, FL 34683

JPCAR 24871326 *C* -- NPL11    T2414101616  [C-1] FRMVA1

*D00008073576*

11/07/2014

A-0120

531129          BK 00209 0537          02/28/2013

ABSTRACT OF JUDGMENT                    CASE NUMBER: GV12024673-00
---------------------------

FAIRFAX CO. GENERAL DISTRICT COURT

            PLAINTIFF(S)                    V          DEFENDANT(S)

AMERICAN EXPRESS CENTURION BANK        NO SSN    L FEDEWA                          NO SSN
                                       NO DOB  AKA OR L J FEDEWA                    NO DOB
                                                12061 ROSE HALL DR
                                                CLIFTON, VA 20124

THIS IS TO CERTIFY THAT A JUDGMENT WAS RENDERED IN THIS COURT IN FAVOR OF:

PLAINTIFF(S) AGAINST DEFENDANT(S) CONTAINING THE FOLLOWING TERMS:

DATE OF JUDGMENT:  11/27/12

AMOUNT OF JUDGMENT:    $10,212.20

OTHER AMOUNT:          $0.00

HOMESTEAD EXEMPTION WAIVED: ( ) YES   (X) NO   ( ) CANNOT BE DEMANDED

ALTERNATE VALUE OF SPECIFIC PROPERTY AWARDED:  N/A

INTEREST:  6% FROM 11/27/12

COSTS:     $58.00     ATTORNEY'S FEES:  0.00

                      ATTORNEY:  LERNER, A

OTHER AWARDED:

┌──────────────┐
│              │
│  EXHIBIT 9   │
│              │
└──────────────┘

I CERTIFY THE ABOVE TO BE A TRUE ABSTRACT OF A JUDGMENT RENDERED IN THIS COURT

....1-9-13........................     ____Pam Poydz_____
          DATE                                     ( ) CLERK    ( ) JUDGE

FORM DC-445 (FRONT) 10/07(10)                    PAGE:  45


02/28/2013
RECORDED/FAIRFAX CO VA
TESTE: J. Fry
        CLERK

A-0121