**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE                                             :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :
                                                                   :   Jointly Administered
    Debtors.                                   :
                                                                   :   Objection Deadline: Nov. 9, 2018 at 4:00 p.m. (ET)
                                                                   :   Hearing Date: Nov. 16, 2018 at 11:00 a.m. (ET)
------------------------------------------------------------------ x

**PLAN TRUSTEE'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER
(I) CLOSING THE DEBTORS' CHAPTER 11 CASES, (II) DISCHARGING AND
RELEASING EPIQ BANKRUPTCY SOLUTIONS, LLC FROM FURTHER DUTIES AS
COURT-APPOINTED CLAIMS AND NOTICING AGENT, (III) EXTENDING THE
PLAN TRUST TERMINATION DATE, AND
(IV) GRANTING RELATED RELIEF**

    Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* [D.I. 7029] (the "Plan")[2] in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby files this motion (this "Motion") for the entry of a final decree and order (the "Proposed Final Decree and Order"), substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 350, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 3022, 6007, and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3022-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 6743, Ellicott City, Maryland 21042.

[2]     All terms used but not defined herein shall have the meaning ascribed to such terms under the Plan.

01:22357533.7

Court for the District of Delaware (the "Local Rules"), and Articles 8 and 14(R) of the Plan and paragraph 22 of the Confirmation Order (as defined below), (i) closing these chapter 11 cases (the "Chapter 11 Cases"), (ii) discharging and releasing Epiq Bankruptcy Solutions, LLC ("Epiq") from further duties as court-appointed claims and noticing agent in the Chapter 11 Cases, (iii) extending the Plan Trust Termination Date (as defined below) through and including November 30, 2019, and (iv) granting related relief. In support of this Motion, the Plan Trustee respectfully represents as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware. In addition, Article 14(A)(21) of the Plan, which was incorporated by reference in the Court's order confirming the Plan [D.I. 7042] (the "Confirmation Order"), provides that the Court shall retain post-confirmation jurisdiction "to enter a Final Decree closing the Chapter 11 Cases." (Plan Art. 14(A)(21); *see* Conf. Order ¶ 68). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. The statutory and legal predicates for the relief requested herein are sections 105(a), 350, and 554 of the Bankruptcy Code, Bankruptcy Rules 3022, 6007, and 9006(b)(1), and Local Rule 3022-1(a).

## BACKGROUND

I.    **General Background**

3. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Between the Petition

01:22357533.7

Date and the Plan Effective Date (as hereinafter defined), each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of the Court.

4. On August 17, 2007, the Court entered an order [D.I. 222] approving the retention and employment of Epiq as claims and noticing agent in the Chapter 11 Cases.

5. On February 23, 2009, the Court entered the Confirmation Order. The Plan became effective on November 30, 2010 (the "Plan Effective Date").

6. Pursuant to the Plan, as of the Plan Effective Date, the Plan Trust was established, which succeeded to all of the Debtors' assets, causes of action, claims, rights, and interests. Steven D. Sass is the duly appointed Plan Trustee and, in this capacity, is vested with the rights, powers, and benefits set forth in the Plan, the Confirmation Order, and the Plan Trust Agreement.

7. Under the Plan Trust Agreement, the Plan Trustee is to liquidate and distribute all of the Plan Trust Assets pursuant to and in accordance with the terms of the Plan and the Confirmation Order. (Plan Trust Agreement Art. 3.2). The Plan Trustee is also tasked with filing and prosecuting objections to, or otherwise resolving, all Claims. *Id.* As the Plan Trustee has completed all obligations set forth in the Plan, and is in the process of completing the wind-down of the Debtors, the Plan Trustee seeks to close the Chapter 11 Cases, as well as ancillary relief to facilitate the closing.

**II.  The Plan Trust Termination Date**

8. Pursuant to the Plan,

> [t]he Plan Trust shall terminate after its liquidation, administration and distribution of the Plan Trust Assets in accordance with this

01:22357533.7

3

>   Plan and its full performance of all other duties and functions set forth herein or in the Plan Trust Agreement. The Plan Trust shall terminate no later than the fifth (5th) anniversary of the Effective Date; <u>provided</u> <u>however</u>, that, within a period of six (6) months prior to such termination date or any extended termination date, the Plan Trustee, with the consent of the Plan Oversight Committee, may extend the term of the Plan Trust if it is necessary to facilitate or complete the liquidation of the Plan Trust Assets administered by the Plan Trust; <u>provided</u>, <u>further</u>, <u>however</u>, that the aggregate of all such extensions shall not exceed three (3) years, unless the Plan Trustee receives a favorable ruling from the IRS that any further extension would not adversely affect the status of the Plan Trust as a "liquidating trust" for federal income tax purposes within the meaning of Treasury Regulation 301.7701-4(d).

(Plan, Art. 8.F.12; *see also* Conf. Order, p. 26).

9. As the Plan Effective Date was November 30, 2010, the original date on which the Plan Trust was set to terminate under the terms of the Plan, the Confirmation Order, and the Plan Trust Agreement was November 30, 2015 (the "<u>Plan Trust Termination Date</u>"). The Court has granted several extensions of the Plan Trust Termination Date, the most recent of which extended the Plan Trust Termination Date through the earlier of (a) the finalization of the Plan Trust's liquidation, administration, and distribution of the Plan Trust Assets and its full performance of all other duties and functions as set forth in the Plan and Plan Trust Agreement, and (b) November 30, 2018, without prejudice to the Plan Trust's right to seek further extensions [D.I. 11383]. In order to complete the remaining tasks of the Plan Trust, the Plan Trustee seeks a further extension of the Plan Trust Termination Date through the earlier of (a) the finalization of the Plan Trust's liquidation, administration, and distribution of the Plan Trust Assets and its full performance of all other duties and functions as set forth in the Plan and Plan Trust Agreement, and (b) November 30, 2019.

10. While the Plan Trustee has completed substantially all of the obligations of the Plan Trust, he intends to complete the following additional tasks, among others, prior to the

completion of the Plan Trust's work: (i) purchase tail insurance for the Plan Trustee and the Plan Oversight Committee, in accordance with Articles 3.2(t) and 5.8 of the Plan Trust Agreement; (ii) use his discretion to determine whether or not to dissolve any of the Debtors or their non-debtor affiliates, in accordance with Article 3.2(m) of the Plan Trust Agreement;[3] (iii) provide the requisite notice to revoke any applicable powers of attorney; (iv) liquidate any remaining Plan Trust assets, if any; (v) make any distributions or donate remaining funds to the extent insufficient to make a distribution; (vi) finalize the destruction of any remaining electronic records or documents in accordance with the *Order Granting the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records* [D.I. 11263] (the "Abandonment Order");[4] (vii) prepare and file all final tax returns and notices of closing or other final notices as required by the IRS and other regulatory authorities, federal and state, for the Debtors and the Plan Trust; and (viii) prepare and file a notice listing holders of uncashed distributions.

11.     As a result of various distributions over the past few years, substantially all of the assets of the Plan Trust have been liquidated and distributed to Holders of Allowed General Unsecured Claims. In particular, on December 12, 2014, the Court entered its *Order Pursuant to §§ 105 and 1142 of the Bankruptcy Code (I) Authorizing First Distribution to Holders of Allowed General Unsecured Claims and (II) Granting Related Relief, Including Clarification of the Plan and Enforcement of Certain Plan Provisions and Court Orders* [D.I. 11050], in accordance with which the Plan Trustee distributed (or reserved, as applicable) approximately

---

[3]     In accordance with Article 3.3(f) of the Plan Trust Agreement, the Plan Trustee has obtained the "written consent of BofA" to "terminate, dissolve, or permit the termination or dissolution of" American Home Mortgage Corp. and American Home Mortgage Acceptance, Inc. In addition, Debtors Homegate Settlement Services, Inc. and Great Oak Abstract Corp. have already been dissolved.

[4]     In accordance with the Abandonment Order, the Plan Trustee complied with the subpoenas issued in compliance with the Abandonment Order and thereafter destroyed the Preserved Documents.

01:22357533.7

$22 million to Holders of Allowed General Unsecured Claims beginning in May 2015. On November 11, 2016, the Court entered its *Order Pursuant to §§ 105 and 1142 of the Bankruptcy Code (I) Authorizing Second Distribution to Holders of Allowed General Unsecured Claims and (II) Granting Related Relief, Including Clarification of the Plan and Enforcement of Certain Plan Provisions and Court Orders* [D.I. 11261] (the "Second Distribution Order"), in accordance with which the Plan Trustee distributed (or reserved, as applicable) approximately $11 million to Holders of Allowed General Unsecured Claims beginning in April 2017. The Plan Trustee issued a final distribution in the approximate amount of $2 million beginning in September 2018 and is waiting for all checks to clear. Such checks will be void if not cashed by December 7, 2018, for distributions related to general Allowed General Unsecured Claims, or January 17, 2019, for distributions related to employee Allowed General Unsecured Claims. The percentage of funds remaining in the Plan Trust compared to its initial formation is approximately 2%.

12. To the extent any funds remain in the Plan Trust after the distribution of all funds as approved by the Plan and the Court and payment of all costs of administering the cases (including the obligations of the Plan Trust consistent with the Plan and prior orders of the Court), the Plan Trustee seeks authority to donate such funds to a charity of the Plan Trustee's choosing, subject to the approval of the Plan Oversight Committee. As set forth in the Plan Trust Agreement, the Plan Trustee is not required "to distribute Cash to the holder of an Allowed Claim if the amount of Cash to be distributed on account of such Claim is less than $50 (such distribution, a 'De Minimis Distribution')." (Plan Trust Agreement Art. 3.10). Rather, "[i]f, at the time that the final distribution under the Plan is to be made, the De Minimis Distributions held by the Plan Trust for the benefit of a Creditor total less than $50.00, such funds shall not be distributed to such Creditor, but rather, shall constitute Trust Assets to be allocated among the

Estates in accordance with the Stipulated Asset Allocation."[5]  *Id.*  The Plan Trustee seeks authority to donate the total of such De Minimis Distributions, and any other remaining funds in the Plan Trust, to a charity if, in the Plan Oversight Committee's sole discretion, such a donation is warranted from an efficiency standpoint given the amount of such De Minimis Distributions and other remaining funds compared to the additional administrative expenses the Plan Trust would incur in making a subsequent distribution.

13.     Upon the completion of these tasks and any other outstanding Plan Trust work, the Plan Trustee seeks to be discharged from his duties as the Plan Trustee, effective immediately upon the filing of a notice with the Court.  To the extent the notice requirements of Article 6.2 of the Plan Trust Agreement apply to such discharge,[6] the Plan Trustee also seeks a waiver of such notice requirements.

### III. Epiq's Role in the Debtors' Cases

14.     Throughout the Debtors' cases, Epiq has processed and served thousands of claims, notices, and ballots to creditors and parties in interest.  Epiq has continued to serve documents after the Effective Date on behalf of the Debtors and the Plan Trustee.

### RELIEF REQUESTED

15.     By this Motion, the Plan Trustee requests the Court to enter the Proposed Final Decree and Order (i) closing the Chapter 11 Cases of the Debtors, including:  (a) American Home Mortgage Holdings, Inc., Case No. 07-11047 (CSS); (b) American Home Mortgage Investment Corp., Case No. 07-11048 (CSS); (c) American Home Mortgage Acceptance, Inc., Case No. 07-11049 (CSS); (d) AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.),

---

[5]     The Stipulated Asset Allocation is "the percentage allocation between the respective Estates of the proceeds of Plan Trust Assets as provided in Article 6B" of the Plan.  (Plan Art. 1).

[6]     Article 6.2 requires the Plan Trustee to provide "not less than ninety (90) days' prior written notice to the Plan Oversight Committee" before resigning.

01:22357533.7

7

Case No. 07-11050 (CSS); (e) American Home Mortgage Corp. Case No. 07-11051 (CSS); (f) American Home Mortgage Ventures LLC, Case No. 07-11052 (CSS); (g) Homegate Settlement Services, Inc., Case No. 07-11053 (CSS); and (h) Great Oak Abstract Corp., Case No. 07-11054 (CSS), (ii) discharging and releasing Epiq from further duties as claims and noticing agent in the Chapter 11 Cases, (iii) extending the Plan Trust Termination Date, and (iv) granting related relief.

## BASIS FOR RELIEF REQUESTED

### A.    Closing of the Chapter 11 Cases

16.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Local Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1(a).

17.    The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

   (a)    whether the order confirming the plan has become final;

   (b)    whether deposits required by the plan have been distributed;

   (c)    whether the property proposed by the plan to be transferred has been transferred;

01:22357533.7

    (d)    whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

    (e)    whether payments under the plan have commenced; and

    (f)    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022.[7]

18.    In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the chapter 11 plan has been substantially consummated. *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same).

19.    As of the date hereof, the Chapter 11 Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Chapter 11 Cases. In particular:

    (a)    the Confirmation Order has become final and is non-appealable;

    (b)    the Plan Trustee has managed the Plan Trust Assets pursuant to the Plan;

    (c)    all distributions and payments required to be made pursuant to the Plan have been paid, other than those payments which (i) have not yet become due in the ordinary course of business or otherwise under non-bankruptcy law or (ii) are contemplated to be made in completion of the wind-down of the Debtors' corporate affairs;

    (d)    all motions, contested matters, and adversary proceedings in the Chapter 11 Cases have been resolved;

---

[7] Although the Debtors believe that each factor has been satisfied, courts in this district have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

   (e) all of the transactions contemplated by the Plan closed on the Effective Date; and

   (f) the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

20. Accordingly, the Plan Trustee submits that there is ample justification for entry of a final decree closing the Chapter 11 Cases and requests that the Court enter the Proposed Final Decree and Order.

**B. Extension of the Plan Trust Termination Date**

21. As noted above, both the Plan and the Confirmation Order specifically contemplate an extension of the Plan Trust Termination Date provided that (i) any such extension is made with Plan Oversight Committee consent (which consent has been obtained), (ii) approved within six (6) months prior to the current Plan Trust Termination Date, and (iii), in the case of multiple extensions, the aggregate of all such extensions do not exceed three (3) years, absent a favorable ruling from the Internal Revenue Service ("<u>IRS</u>") that any extension in excess of that three (3) year period would not adversely affect the status of the Plan Trust as a "liquidating trust" within the meaning of the applicable Treasury Regulations.  The Plan Trustee is in the process of seeking IRS approval for the requested extension, which will cause the aggregate of all such extensions to exceed three (3) years, and anticipates having such approval prior to the hearing on this Motion.

22. In addition, the Court has the authority to extend the Plan Trust Termination Date pursuant to section 105(a) of the Bankruptcy Code, which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In doing so, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders [such as the Confirmation Order] or rules, or to prevent an abuse of process." *Id*.

23. Furthermore, Bankruptcy Rule 9006(b)(1) permits the Court, in its discretion, to extend the Trust Termination Date for cause, with or without motion or notice. Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period ... by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1). Here, the Plan Trustee is making this request prior to the current Plan Trust Termination Date and within the timeframe outlined in the Plan and Confirmation Order. Accordingly, this request complies with Bankruptcy Rule 9006(b)(1).

24. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 Collier on Bankruptcy ¶ 9006.06 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.). In the context of determining whether "cause" exists regarding extensions of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors. *See, e.g., In re Express One Int'l,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

25. Since the Plan Effective Date, the Plan Trustee has tirelessly worked with his staff and professionals to reconcile the over 11,000 claims asserted against the Debtors and liquidate the Debtors' remaining assets. With respect to the claims, the Plan Trustee has (i) diligently reviewed and reconciled each of the claims asserted against the Debtors' estates, (ii) engaged with claimants to resolve claims whenever possible, and (iii) prosecuted and litigated objections

to hundreds of claims, resulting in substantial reductions of the claims asserted against the Debtors' estates. As a result of the Plan Trustee's diligent efforts, all claims have been resolved and all or substantially all distributions have been made.

26. Finally, as set forth above, while the obligations of the Plan Trust under the Plan and the Confirmation Order have been substantially completed, there are various wind down actions that need to be taken, including, among other things, (i) the purchase of tail insurance for the Plan Trustee and the Plan Oversight Committee, (ii) the potential dissolution of the Debtors or their non-debtor affiliates, (iii) the revocation of certain powers of attorney; (iv) liquidate any remaining Plan Trust assets, if any; (v) make any distributions or donate remaining DeMinimis Distribution; (vi) the destruction of any remaining electronic records or documents in accordance with the *Order Granting the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records* [D.I. 11263], (vii) the donation of any remaining funds in the Plan Trust to a charity, (viii) the preparation and filing of all final tax returns and notices of closing or other final notices as required by the IRS and other regulatory authorities, federal and state, for the Debtors and the Plan Trust; and (ix) the preparation and filing of a notice listing holders of uncashed distributions.

27. In short, given the status of the Debtors' chapter 11 cases and the remaining wind-down issues that need to be addressed in the coming months, the Plan Trustee submits that the relief requested herein is in the best interest of creditors (now, the beneficiaries of the Plan Trust), all parties-in-interest and judicial economy. Accordingly, the Plan Trustee requests that the Court enter an order extending the current Plan Trust Termination Date to the earlier of (a) the finalization of the Plan Trust's liquidation, administration and distribution of the Plan

01:22357533.7

12

Trust Assets and its full performance of all other duties and functions as set forth in the Plan and Plan Trust Agreement, and (b) November 30, 2019.

### C.  Termination of Epiq as Claims and Noticing Agent

28.  In addition to the foregoing, the Plan Trustee requests that all services of Epiq with respect to the Chapter 11 Cases be terminated. Upon such termination, and except as provided herein and in the Proposed Final Decree and Order, Epiq shall have no further obligations as claims and noticing agent for the Chapter 11 Cases.

29.  In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of entry of the Proposed Final Decree and Order, Epiq shall: (i) forward to the Clerk of the Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; and (iii) docket a final claims register containing the claims filed in the Debtors' Chapter 11 Cases. Epiq shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154, and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

## NOTICE

30.  Notice of this Motion has been provided to (i) the United States Trustee for the District of Delaware, (ii) the Plan Oversight Committee, and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein and the terms of the Plan, the Plan Trustee submits that no other or further notice is necessary.

[*remainder of page intentionally left blank*]

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Plan Trustee respectfully requests that the Court (i) enter the Proposed Final Decree and Order, and (ii) grant such other and further relief as may be just and proper.

Dated: October 26, 2018
Wilmington, Delaware

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Elizabeth S. Justison*
        Sean M. Beach (No. 4070)
        Elizabeth S. Justison (No. 5911)
        Rodney Square
        1000 North King Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        -and-

        HAHN & HESSEN LLP
        Mark S. Indelicato
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 478-7200
        Facsimile: (212) 478-7400

        *Counsel for the Plan Trustee*