# EXHIBIT A

**Proposed Order**

01:22357533.7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------------- x | | |
| In re: | : | |
| | : | |
| AMERICAN HOME MORTGAGE | : | Chapter 11 |
| HOLDINGS, INC., a Delaware corporation, | : | |
| | : | Case No. 07-11047 (CSS) |
|                 Debtor. | : | |
| ------------------------------------------------------------------- x | | |
| In re: | : | |
| | : | |
| AMERICAN HOME MORTGAGE | : | Chapter 11 |
| INVESTMENT CORP., a Maryland corporation, | : | |
| | : | Case No. 07-11048 (CSS) |
|                 Debtor. | : | |
| ------------------------------------------------------------------- x | | |
| In re: | : | |
| | : | |
| AMERICAN HOME MORTGAGE | : | Chapter 11 |
| ACCEPTANCE, INC., a Maryland corporation, | : | |
| | : | Case No. 07-11049 (CSS) |
|                 Debtor. | : | |
| ------------------------------------------------------------------- x | | |
| In re: | : | |
| | : | |
| AHM SV, INC. (F/K/A AMERICAN HOME | : | Chapter 11 |
| MORTGAGE SERVICING, INC.), a Maryland | : | |
| corporation, | : | Case No. 07-11050 (CSS) |
| | : | |
|                 Debtor. | : | |
| ------------------------------------------------------------------- x | | |
| In re: | : | |
| | : | |
| AMERICAN HOME MORTGAGE CORP., | : | |
| a New York corporation, | : | Chapter 11 |
| | : | |
|                 Debtor. | : | Case No. 07-11051 (CSS) |
| ------------------------------------------------------------------- x | | |

| | |
|---|---|
| In re: | : |
| | : |
| AMERICAN HOME MORTGAGE | :    Chapter 11 |
| VENTURES LLC, a Delaware limited liability company, | : |
| | :    Case No. 07-11052 (CSS) |
|                 Debtor. | : |
| ------------------------------------------------------------------ x | |
| In re: | : |
| | : |
| HOMEGATE SETTLEMENT SERVICES, INC., | :    Chapter 11 |
| a New York corporation, | : |
| | :    Case No. 07-11053 (CSS) |
|                 Debtor. | : |
| ------------------------------------------------------------------ x | |
| In re: | : |
| | : |
| GREAT OAK ABSTRACT CORP., | :    Chapter 11 |
| a New York corporation, | : |
| | :    Case No. 07-11054 (CSS) |
|                 Debtor. | : |
| ------------------------------------------------------------------ x | **Re: Docket No. \_\_\_** |

**FINAL DECREE AND ORDER (I) CLOSING THE DEBTORS' CHAPTER 11 CASES, (II) DISCHARGING AND RELEASING EPIQ BANKRUPTCY SOLUTIONS, LLC FROM FURTHER DUTIES AS COURT-APPOINTED CLAIMS AND NOTICING AGENT, (III) EXTENDING THE PLAN TRUST TERMINATION DATE, AND <u>(IV) GRANTING RELATED RELIEF</u>**

Upon consideration of the *Plan Trustee's Motion for Entry of a Final Decree and Order (I) Closing the Debtors' Chapter 11 Cases, (II) Discharging and Releasing Epiq Bankruptcy Solutions, LLC from Further Duties as Court-Appointed Claims and Noticing Agent, (III) Extending the Plan Trust Termination Date, and (IV) Granting Related Relief* (the "<u>Motion</u>");[1] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:22357533.7

U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that notice of the Motion was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Each of the following cases is hereby closed as of the date of this Order; *provided* that this Court shall retain jurisdiction pursuant to Article 14 of the Plan: (i) American Home Mortgage Holdings, Inc., Case No. 07-11047 (CSS); (ii) American Home Mortgage Investment Corp., Case No. 07-11048 (CSS); (iii) American Home Mortgage Acceptance, Inc., Case No. 07-11049 (CSS); (iv) AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), Case No. 07-11050 (CSS); (v) American Home Mortgage Corp. Case No. 07-11051 (CSS); (vi) American Home Mortgage Ventures LLC, Case No. 07-11052 (CSS); (vii) Homegate Settlement Services, Inc., Case No. 07-11053 (CSS); and (viii) Great Oak Abstract Corp., Case No. 07-11054 (CSS).

3. Entry of this final decree is without prejudice to the rights of the Plan Trustee or any party in interest to seek to reopen the Chapter 11 Cases.

4. Within thirty (30) days of entry of this Order, the Debtors shall: (i) file with this Court and provide to the U.S. Trustee all outstanding post-confirmation reports; and (ii) pay all fees due and payable pursuant to 28 U.S.C. § 1930.

5. The Plan Trustee shall be discharged from his duties as the Plan Trustee upon the completion of all activity of the Plan Trust, which discharge shall be effective immediately upon

the filing of a notice with this Court. The Plan Trust shall not be required to appoint a replacement Plan Trustee.

6. Following the closing of the Chapter 11 Cases, the Plan Trust shall not be required to respond to any litigation naming or pertaining to any of the Debtors.

7. The indemnification provision set forth in Article 5.3 of the Plan Trust Agreement shall remain in effect notwithstanding the discharge of the Plan Trustee.

8. To the extent that there are undistributed funds remaining in the Plan Trust after the Debtors' wind-down is completed, which includes, but is not limited to, the payment of any and all obligations of the Plan Trust consistent with the Plan and prior orders of the Court, the Plan Trustee may, but is not required to, donate such funds to a charity of the Plan Trustee's choosing upon the receipt of the written consent of the Plan Oversight Committee. The Plan Oversight Committee shall retain full discretion regarding the amount of such donated funds.

9. Subject to the performance of any obligations of Epiq pursuant to this Order, Epiq's services as claims and noticing agent for the Chapter 11 Cases are hereby terminated, and Epiq shall be deemed formally discharged as noticing and claims agent for the Chapter 11 Cases without further order of this Court.

10. Pursuant to Local Rule 2002-1(f)(ix), within fourteen (14) days of the date of this Order, Epiq shall: (i) forward to the Clerk of this Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; and (iii) docket a final claims register containing the claims filed in the Chapter 11 Cases. Epiq shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154, and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

11. The Plan Trust shall terminate on the earlier of (a) the finalization of the Plan Trust's liquidation, administration and distribution of the Plan Trust Assets and its full performance of all other duties and functions as set forth in the Plan and Plan Trust Agreement, and (b) November 30, 2019.

12. This Order is without prejudice to the Plan Trustee's right to seek further extensions of the Plan Trust Termination Date

13. The Debtors and the Plan Trustee are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2018

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:22357533.7